Commonwealth *v.* Richbourg, Appellant.

Submitted April 13, 1970. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*George W. Patterson, Jr.,* for appellant.

*Carol Mary Los,* Assistant District Attorney, and
*Robert W. Duggan,* District Attorney, for Common-
wealth, appellee.

OPINION PER CURIAM, June 12, 1970:
Order affirmed.

------

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was indicted for rape and brought to trial
before a judge and jury. After the Commonwealth and
defense had rested their case and argued to the jury,
the trial judge indicated that since the hour was late,
he would charge the jury the next day. When court
reconvened for that purpose, the district attorney made
a motion for withdrawal of a juror. His motion and

the reasons therefor appear as follows in the record: "[The district attorney]: May it please the Court, when I got home last night I received a call from the husband of the complainant, who feels perhaps that the Commonwealth went too far. . . . [The district attorney]: Well, I am about to make a motion, if the Court please, for the withdrawal of a juror because of the possibility, or at least the feeling that perhaps the prosecution erred as against the complainant, or the victim, in usurping the function of the jury in expressing a doubt, an honest doubt, which we had as a result of the evidence in this case. This is the first time, I might say, in my thirteen years experience, where I have had this situation arise. I did, I presented it as I felt. I don't know how to try a case any other way. I certainly would not want to participate in a retrial, but as I think back and can recall my remarks, there exists the possibility that I may have over-simplified this thing. And as long as they feel that way—it was a short case—I would ask the Court respectfully to grant the motion, or request for the withdrawal of a juror. At least then the complainant perhaps will feel more satisfied when it is tried again by someone else." Defense counsel argued that the Commonwealth's failure to argue persuasively to the jury did not necessitate a withdrawal of a juror. Over his objection, the court granted the motion and dismissed the jury.

Fourteen months later, appellant was tried once again for rape. He entered a plea of former jeopardy, which plea was denied by the court. Appellant was convicted, and his motion for a new trial was denied.

Several years later, appellant filed a post-conviction petition, alleging his conviction was in violation of the guarantee against double jeopardy. After a hearing, his petition was denied. From that denial, this appeal followed.

This case thus presents the question whether appellant's plea of former jeopardy should have been sustained and appellant discharged.

When faced with this question before, both the Supreme Court and this Court have noted that the federal guarantee against double jeopardy was not binding upon Pennsylvania. See, e.g., *Commonwealth ex rel. Montgomery v. Myers*, 422 Pa. 180, 183, 220 A. 2d 859, 861, cert. denied, 385 U.S. 963, 87 S. Ct. 405 (1966); *Commonwealth v. Kubacki*, 208 Pa. Superior Ct. 523, 530-531, 224 A. 2d 80, 84 (1966). Accordingly, we have applied the Pennsylvania guarantee against double jeopardy in capital cases only, in accordance with our interpretation of that guarantee. See, e.g., *Commonwealth v. Simpson*, 310 Pa. 380, 165 A. 498 (1933). The federal guarantee, however, is now applicable to the states. *Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056 (1969). Its application to noncapital, as well as capital, cases is of necessity also binding upon us. *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1874).

The federal rule with respect to whether one trial may be terminated and the defendant tried again without violating the guarantee has been stated as follows: "We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Perez*, 9 Wheat. 579, 580 (1824). A similar rule has been followed by our courts in capital cases. See, e.g., *Commonwealth v. Simpson*, supra.

Such "manifest necessity" has been found, for example, where the jury has been unable to reach a verdict. *United States v. Perez*, supra. It has been found where the court determines, during the course of the

trial, that a juror is biased. *Wade v. Hunter*, 336 U.S. 684, 69 S. Ct. 834 (1949). Similarly, "necessity" has been found where the interest of a fair trial to the accused has been unintentionally jeopardized by reasonable conduct of the prosecutor. *Commonwealth ex rel. Montgomery v. Myers*, supra. Cf. *Gori v. United States*, 367 U.S. 364, 81 S. Ct. 1523 (1961). But, on the other hand, it has been generally assumed that "necessity" is not shown when a reasonable measure of diligence could have avoided the source of conflict. Such cases include those where the prosecution does not serve one of its witnesses with a summons and makes no other arrangements to assure his presence. *Downum v. United States*, 372 U.S. 734, 83 S. Ct. 1033 (1963). These cases also include those "in which a judge exercises his authority to help the prosecution, at a trial in which its case is going badly, by affording it another, more favorable opportunity to convict the accused." *Gori v. United States*, supra at 369, 81 S. Ct. at 1526-1527.

When a district attorney fails to prepare his case well, no manifest necessity arises to warrant termination of trial. It is incumbent upon him to be reasonably prepared, so that all the necessary evidence will be presented and his argument with respect thereto will be logical and complete. The trauma of trial, as well as the expense of a second trial, warrant our requiring that the district attorney present his case well the first time.

I would reverse the order of the lower court and discharge appellant.