**Ross Hall PETTIGREW, Petitioner,**

v.

**The Hon. Charles L. HARDY, Judge of the Superior Court, Maricopa County, et al., Respondents.**

**Civ. No. 75–291 PHX (WEC).**

United States District Court,
D. Arizona.

Sept. 8, 1975.

William J. Friedl, Martin, Feldhacker, Friedl, Phoenix, Ariz., for petitioner.

Theresa S. Thayer, Asst. Atty. Gen., Phoenix, Ariz., for respondents.

ORDER

CRAIG, Chief Judge.

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. On March 10, 1975, the petitioner went on trial in

Superior Court on a charge of open murder. On that date, the trial judge heard a motion and offer of proof presented by the defense concerning the admission of an unstipulated polygraph examination which the defendant took and passed. The court took the motion under advisement and on March 12, 1975, denied the motion based on the Arizona Supreme Court case of *State v. Valdez*, 91 Ariz. 274, 371 P.2d 894 (1962). However, when the defendant took the stand on his own behalf, he gave an unresponsive answer to a prosecution question, which answer indicated that he had successfully passed a polygraph examination concerning his involvement in the crime with which he was charged. Soon thereafter a recess was called and the attorneys met in chambers with the trial judge to discuss the prejudicial effect which petitioner's reference to the polygraph examination may have had on the jury. The judge eventually concluded that the effect was too great to allow the case to proceed further before the present jury. He, therefore, presented two alternatives to the defendant's attorney. The case could either proceed before the judge sitting without a jury or a mistrial would be declared and the defendant would be retried before a newly empaneled jury. Defendant's counsel declined to proceed before the court sitting without a jury, but also objected to declaring a mistrial. Nevertheless, a mistrial was declared by the presiding judge and on retrial before a jury, petitioner was found guilty of second degree murder. Petitioner presently is before this court seeking a writ of habeas corpus on the basis that his retrial constituted a violation of the double jeopardy clause.

Both the petitioner and the state seemed to agree that the principle of law governing the propriety of a judicial declaration of mistrial and subsequent retrial is the following language from *United States v. Perez*, 22 (9 Wheat.) U.S. 579, 6 L.Ed. 165 (1824):

> We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, courts should be extremely careful how they interfere with any of the changes of life, in favour of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under their oaths of office.

*Id.* at 580, 6 L.Ed. 165. Considering all the circumstances of this case, it does not appear to this court that the trial judge abused his discretion in declaring a mistrial.

It is ordered that the petition be denied.