## (July 9, 1979)

■ In the Matter of ROBERT TEXIDOR, Petitioner, v THEODORE G. BARLOW, as Justice of the Supreme Court of the County of Richmond, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the retrial of the petitioner under Indictment No. 209/78, upon the ground of double jeopardy. Petition granted, without costs or disbursements; respondents are permanently enjoined from reprosecuting the petitioner for any crimes arising out of the acts underlying Richmond County Indictment No. 209/78. The petitioner was charged with burglary in the second degree by Indictment No. 209/78 in the County of Richmond. A trial was commenced before Mr. Justice Barlow in the Supreme Court, Richmond County, on January 29, 1979. Two days later a mistrial was declared by the court, over the objection of the defense and without any request by the prosecution. The court ruled that the failure of the defendant to notify the District Attorney that he intended to offer an alibi witness as mandated by CPL 250.20 required the declaration of a mistrial. The defendant strenuously objected to this turn of events on the ground that the so-called alibi witness was not an alibi witness at all, but, in fact and in law, was an eyewitness. The People offered the following testimony. On August 14, 1978, at 11:00 P.M., a Ms. Dudley heard someone kick the window of the next door apartment. She went to the window and saw Tex, the petitioner. Tex wanted to know if Manny, her neighbor, was home. Ms. Dudley's boyfriend went outside and told him that Manny was not home. After the 11 o'clock news was finished, Ms. Dudley looked through a crack in a door adjoining her apartment to Manny's and saw Tex going through the room and lighting matches. He unplugged the television set, took it out of the apartment to the back of the house, left it there and went down the street. When he returned a few minutes later to get the television set, he was stopped by the witness and her landlord and held until the police arrived. After producing Manny to state that he never gave Tex permission to enter his apartment, the People rested. Neither the landlord nor Ms. Dudley's boyfriend was called to testify. The defendant then called the alleged alibi witness, Robert Jackson. Jackson testified that on the night in question he was with Tex from about 9:00 to 11:00 P.M. They were shooting pool. Around 11 o'clock they walked up the street past Manny's house. He saw Tex cross the street to speak to a lady at a window and then to another man. He did not see him kick a window. Tex

came back across the street to Jackson and said I have to go see Manny. Jackson testified that defendant was out of his sight for 5 to 10 minutes, or 10 to 20 minutes. The next time Jackson saw Tex he was in the custody of the police. The prosecutor objected to the admission of Jackson's testimony on the grounds that it was alibi testimony and he had not received the statutory notification of intent to call an alibi witness. No mistrial was requested. The defendant countered this argument by pointing out that Jackson's testimony placed the defendant at the scene of the crime at the time of its commission. In addition, he was out of the witness' sight for several minutes near the scene of the crime. Thus, it is not entirely inconsistent with his commission of the burglary. It was merely offered to prove that the defendant never kicked the window. After hearing argument from counsel, the court ruled that Jackson was an alibi witness and declared a mistrial. Whether Jackson was an alibi witness is not crucial to the determination of this case. CPL 250.20 (subd 3) provides two alternatives where the defendant calls an alibi witness although he failed to give the notice of alibi: (1) the court may refuse to admit the testimony; or (2) the court may receive the testimony after giving the People up to a three-day adjournment. The declaration of a mistrial in such a case violated the provisions of the CPL and amounted, in the circumstances of this case, to an abuse of discretion. A trial court possesses discretionary authority to declare a mistrial to serve the ends of public justice or wherever there is a manifest necessity for so doing (United States v Perez, 22 US 579). Of course, this discretion should be exercised with caution. CPL 280.10 (subd 3) provides for the declaration of a mistrial on the court's own motion "when it is physically impossible to proceed with the trial in conformity with law." However, as the practice commentaries to that section point out, a mistrial is rarely declared solely because of prejudice or misfortune affecting the People's case, unless that prejudice involves illness of necessary witnesses or court personnel, tampering with the jurors or flagrant tactical chicanery of the defense counsel (Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 280.10, p 521). Failure to deliver the statutory notice of a questionable alibi witness can hardly be characterized as flagrant chicanery. (Cf. People v Strick, 15 NY2d 692.) Although premature declaration of a mistrial on the court's own motion may not always preclude a second trial (see Gori v United States, 367 US 364), the failure to follow prescribed statutory procedure constituted an abuse of discretion in this case. The petitioner's important right to stand trial once, and only once, for a single crime has been violated. Accordingly, the respondents should be permanently enjoined from retrying the petitioner for this offense. Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.