**UNITED STATES of America, Appellee,**

v.

**Emma Lou KLANDE and Barbara Ann Klande, Appellants.**

**UNITED STATES of America, Appellee,**

v.

**Darrell Lee SCHAAPVELD, Appellant.**

Nos. 79–1358, 79–1363.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1979.

Decided July 25, 1979.

Mark W. Peterson, Minneapolis, Minn., argued, for Emma Klande and on brief, for appellants.

Earl P. Gray, St. Paul, Minn., argued, for Barbara Klande and on brief, for appellants.

Jack S. Nordby, St. Paul, Minn. (argued), for appellants; Thomson & Nordby, St. Paul, Minn., on brief.

Douglas A. Kelley, Asst. U. S. Atty., Minneapolis, Minn. (argued), and Andrew W. Danielson (former U. S. Atty.), Minneapolis, Minn., on brief, for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Defendants appeal an order of the district court[1] denying their motions to dismiss the indictment on grounds of double jeopardy. We affirm.

Defendants, Darrell Lee Schaapveld, Barbara Ann Klande and Emma Lou Klande were indicted on charges of conspiring to import and distribute marijuana in violation of 21 U.S.C. §§ 952(a), 963 and 841(a)(1), 846. Defendant Schaapveld was also indicted on charges of unlawful possession of marijuana in violation of 21 U.S.C. § 841(a)(1).

The Mexican Government seized and retained possession of the alleged marijuana relating to the conspiracy charges. Because the United States Government at no time acquired possession of the substance seized, the possibility arose of a demonstration at trial by the United States Customs' dog that allegedly had detected the marijuana.

On the fourth day of trial, a newspaper article concerning the dog's planned appearance was published in a local paper. During the jury's absence, the district court brought the article to the attention of counsel. The article cited comments by the district court judge, the government prosecutor and counsel for Schaapveld regarding the dog.[2]

The prosecutor's comments concerned the dog's behavior in the prosecutor's office, the location and purpose of the demonstration, and the prosecutor's recollection of a previous demonstration by the dog.

Counsel for Schaapveld commented that he did not know what the government would prove with the demonstration and he also relat-

---

1. The Honorable Miles W. Lord, United States District Judge for the District of Minnesota.

2. Judge Lord's comments, sometimes humorous, concerned the logistics of having a dog in the courtroom, the media requests to cover the demonstration, and his desire that the proceedings remain serious.

· Based on the article, the Klandes moved for a mistrial arguing, *inter alia,* that the prosecutor had attested to the dog's reliability. Counsel for Schaapveld indicated that he wanted to talk with his client and question the jury before deciding whether to move for a mistrial. The district court also indicated a desire to question the jury. The district court then granted a mistrial as to the Klandes. After consulting with his client, counsel for Schaapveld also moved for and was granted a mistrial. Later questioning of the jury indicated that no juror had seen the article.

Defendants then moved to dismiss the indictment on grounds of double jeopardy. The district court denied the motions, finding that the prosecutor's comments in the article did not amount to prosecutorial overreaching or result in actual prejudice to the defendants.

The issue on appeal[3] is whether the double jeopardy clause bars reprosecution of the defendants in light of the factual circumstances leading to the district court's mistrial order.

■ First, defendants contend that this appeal should be reviewed as a *sua sponte* declaration of mistrial by the district court. Defendants base this claim mainly on the actions of the district court judge in bringing the article to the attention of counsel and indicating he would "accept whatever guidance" counsel offered regarding the article. If the actions of the district court were viewed as a *sua sponte* declaration of mistrial without the defendants' consent, the Supreme Court requires a showing of "manifest necessity" for the mistrial, and absent such a showing the

double jeopardy clause would bar retrial. *United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *United States v. Jorn,* 400 U.S. 470, 484–85, 91 S.Ct. 547, 27 L.Ed.2d 543 (1970); *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824).

However the record does not support defendants' claim of a *sua sponte* declaration of mistrial. Rather, the record clearly indicates that each defendant moved for a mistrial[4] and argued vigorously the possible prejudice caused by the article.

Where a *defendant* successfully moves for a mistrial, the double jeopardy clause generally does not bar reprosecution, *United States v. Scott, supra,* 437 U.S. at 93, 98 S.Ct. 2187, "even if defendant's motion is necessitated by a prosecutorial or judicial error." *United States v. Jorn, supra,* 400 U.S. at 485, 91 S.Ct. at 557. However, retrial is barred where the error is "intended to provoke mistrial" or is "motivated by bad faith or undertaken to harass or prejudice" the defendant. *United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 1082, 47 L.Ed.2d 267 (1976). In the absence of such "prosecutorial or judicial overreaching," *United States v. Jorn, supra,* 400 U.S. at 485, 91 S.Ct. 547, the double jeopardy clause is not a barrier to reprosecution, even if the error may justify disciplinary action as in *United States v. Dinitz, supra,* 424 U.S. at 611, 96 S.Ct. 1075. "[M]ere negligence" alone is not the type of conduct which would amount to prosecutorial overreaching. *United States v. Martin,* 561 F.2d 135, 139 (8th Cir. 1977).

Defendants contend that the circumstances surrounding the publication of the news-

---

ed a story concerning a previous demonstration where another dog had attacked an attorney.

**3.** Jurisdiction of this court is based on 28 U.S.C. § 1291, and an expedited appeal was permitted in accordance with Rule 2, Federal Rules of Appellate Procedure. *See Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

**4.** Defendant Schaapveld argues that he was forced to make his motion for mistrial because the district court had already granted a mistrial as to the Klandes. In *United States v. Dinitz,*

424 U.S. 600, 609, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) the Supreme Court indicated that the important question is not whether defendant faces a "Hobson's choice" but rather whether the defendant "retain[s] primary control over the course to be followed * * *." The record shows that counsel for Schaapveld requested and was granted a recess for the specific purpose of determining whether to move for a mistrial. Immediately following the recess Schaapveld made his motion, thus establishing his control over the decision.

paper article constituted prosecutorial overreaching. However, defendants Klande concede that the prosecutor's actions were not intentional.

We believe the prosecutor's comments quoted in the article, even if improper, cannot reasonably be construed as intended to harass the defendants. Also, there appears no intent to provoke a mistrial, because the district court found that both the prosecutor and counsel for defendant Schaapveld believed the article would not be published until after trial. Finally, we agree with the district court that the defendants were not actually prejudiced, especially in view of the fact that no juror had seen the article.

When, as in this case, the prosecutor's conduct does not prejudice the defendants or constitute prosecutorial overreaching or even gross negligence as in *United States v. Martin, supra,* 561 F.2d at 140, we hold that the double jeopardy clause does not bar reprosecution.

Judge Henley desires it to be stated that the court's opinion and the result here reached do not in his opinion in any manner detract from the views that he expressed in his dissent in *United States v. Martin, supra,* 561 F.2d at 141–42 (8th Cir. 1977), to which views he adheres.

The order of the district court is affirmed.