STATE of Tennessee, Appellant,

v.

Julie FISHBURN, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 22, 1983.

John C. Zimmermann, Asst. Atty. Gen., Hal McDonough, Asst. Dist. Atty. Gen., Nashville, for appellant.

Walter S. Clark, Jr., Phyllis L. Bateman, Nashville, for appellee.

## OPINION

DAUGHTREY, Judge.

The appellee-defendant, Julie Fishburn, was originally charged in a two count indictment with larceny and embezzlement. The jury found her not guilty of larceny but was unable to reach a verdict on the remaining embezzlement count. The trial judge initially declared a mistrial but later dismissed the embezzlement charge upon motion by the defendant.

Unfortunately, the record before us fails to reveal the trial court's reason for this ruling. However, the motion to dismiss was predicated on the assertion that the defendant "has been indicted and tried for the same offense and has been acquitted." The implication in the record is that the trial court dismissed the embezzlement count on the basis of double jeopardy considerations, finding that acquittal on the larceny charge would bar retrial on the embezzlement charge.

We conclude that this ruling was erroneous, although we can well understand how such a mistake might occur. One need only briefly peruse the many Tennessee statutes related to misappropriation of property in order to conclude that our theft laws are unnecessarily arcane. Fine distinctions are made in the statutes between obtaining property by false pretenses, by fraudulent breach of trust, by larceny (of various kinds), or by embezzlement (of at least two different species). An analysis of one of these distinctions is necessary to the solution of the issue posed by this case, that is, whether acquittal on the larceny charge is a bar to retrial on the embezzlement charge in light of the evidence adduced at trial.

The State correctly points out that where the elements of two crimes are distinct, a defendant may be tried for both without infringing upon his double jeopardy rights, even though both charges arise out of the same criminal transaction. *State v. Black*, 524 S.W.2d 913, 920 (Tenn.1975). The State further notes that embezzlement and larceny are two distinct offenses, the former being a creature of statute necessitated by the lack of a showing of trespass essential to the common law offense of larceny; thus, the State contends, acquittal on one would not bar prosecution for the other. But while this distinction applies to charges brought under the general larceny statute, T.C.A. § 39–3–1101, the issue in this case is made more difficult by the fact that the larceny charge in the instant indictment was framed not under T.C.A. § 39–3–1101, but under § 39–3–905(b).

The general larceny statute defines larceny as "the felonious taking and carrying away of the personal goods of another." T.C.A. § 39–3–1101. This provision, recognized as a codification of the common law offense, requires a trespass in the taking. *Lawrence v. State*, 20 Tenn. 228, 229 (1839); *Hill v. State*, 159 Tenn. 297, 17 S.W.2d 913, 914 (1929). To protect against a misappropriation of property where no trespass occurred and the original taking was lawful or with the owner's consent, the legislature created the offense of fraudulent breach of trust, T.C.A. § 39–3–904. *Hill v. State*, *supra*. Under this statute:

The fraudulent appropriation of personal property or money by anyone to whom it has been delivered on deposit . . . or to be carried or repaired, or in whose hands it may be by his position as clerk, agent,

factor or bailee, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds is a fraudulent breach of trust. T.C.A. § 39–3–904. The statute also defines as a breach of trust the failure to return rented property at the expiration of a contract for hire. *Id.*

Thus, under T.C.A. § 39–3–904, a delivery of A's property from A to B and a subsequent failure of B to return either the property or its proceeds constitutes the offense of fraudulent breach of trust. But for reasons perhaps known only to the members of the General Assembly which enacted it, a companion statute to § 39–3–904 provides that the giving of property "subject to the immediate orders of the owner, or the use of it in his presence, or for the purpose of his trade, is not a delivery within the description of breach of trust," but that a "fraudulent appropriation of property so delivered is larceny." T.C.A. § 39–3–905(b)(1) and (2). Thus, if B secures possession of A's property from A "subject to the immediate orders" of A, or for use in A's presence, or for the purposes of A's trade, and fails to return or account for the property, B is guilty of larceny and not fraudulent breach of trust, despite the fact that no trespass is shown. *See State of Tennessee v. Steven G. McArthur,* Court of Criminal Appeals at Nashville, January 18, 1983 (defendant sales agent received gold jewelry from owner and subsequently failed to account for it; held: conviction for fraudulent breach of trust reversed; *dictum:* defendant nevertheless liable to prosecution for larceny).

It was under this "statutory larceny" provision and not under the codified common law definition of larceny that the defendant in this case was charged. The indictment alleges that "Julie Fishburn being a person to whose charge or care said described property [$10,000 in good and lawful currency] was delivered, subject to the immediate orders of the owner ... or for the purpose of said owner's trade, ... did then and there steal, take and carry away the above described property." A reasonable reading of

this charge, in view of the statutory provisions discussed above, is that Fishburn received property from the owner subject to his orders or for the purpose of his trade and failed to return or account for that property. However, the proof at trial, as stipulated on appeal, shows that Fishburn received the missing money not from the owner, but from third persons doing business with the owner and that the money came into her possession by virtue of her employment. It was up to the jury to decide whether she had subsequently appropriated the funds to her own use. If proven, these facts would make out a classic case of embezzlement, as charged in the second count of the indictment.

Embezzlement is defined, somewhat redundantly, in T.C.A. § 39–3–1121:

Any officer, agent, employee or clerk of any incorporated company, or any clerk, employee or agent of a copartnership or private person, who embezzles or fraudulently converts to his own use any money or property of any other, which has come to his possession, or is under his care by virtue of such employment, shall, on conviction, be punished as in case of larceny.

While the statutory term "embezzles" is not further defined, the cases make it clear that to constitute the offense, the property misappropriated must come directly from a *third person* into the hands of the defendant in the course of his employment and must be appropriated by the employee before it goes into the possession of the employer. *Hill v. State, supra,* 17 S.W.2d at 914. Thus, in *State v. Matthews,* 143 Tenn. 463, 226 S.W. 203, 205 (1920), it was held that "[i]f the money or property goes into the possession of the employer before it goes into the possession of the employee, his taking and appropriating it does not constitute embezzlement, but larceny."

In *Matthews,* the defendant was charged with both embezzlement and larceny; the trial court dismissed the indictment upon Matthews's "plea of tender and payment." On appeal, the reviewing court set aside the order of the trial court and remanded the case for further proceedings on the embez-

zlement charge. The court found that despite the larceny language in the indictment, it was clear that Matthews was accused of receiving the money in question not from his employer, but from a third party on behalf of his employer and by virtue of his employment, thus making the offense embezzlement and not larceny. *Id.* at 205. The court therefore determined that the larceny charge could be treated as surplusage. *Id.*

Likewise, because the proof in this case showed that the defendant received the property in question from third persons by virtue of her employment, the jury properly acquitted her of the crime of larceny. When they nevertheless failed to reach a verdict on the separate offense of embezzlement, of which the defendant is apparently guilty if she is guilty of anything, the trial court properly declared a mistrial but should have set the embezzlement charge for retrial. Such action clearly would not violate the double jeopardy provisions. *See generally United States v. Perez*, 22 U.S. 579, 9 Wheat 579, 6 L.Ed. 165 (1824).

Because we find that the trial court erred in dismissing the embezzlement charge against this defendant, we reverse the judgment below and remand the case for further proceedings.

BYERS and SCOTT, JJ., concur.