UNITED STATES, Appellee,

v.

Thomas C. GROSHONG, Airman, U. S.
Air Force, Appellant.

No. 41,643.
ACM S25039.

U. S. Court of Military Appeals.

Oct. 12, 1982.

For Appellant: *Captain J. Laurens Tullock* (argued); *Colonel George R. Stevens* (on brief); *Randall Robertson, Esq.*

For Appellee: *Major Michael J. Hoover* (argued); *Colonel James P. Porter* (on brief); *Lieutenant Colonel Bruce R. Houston.*

*Opinion of the Court*

FLETCHER, Judge:

On April 2, 1980, appellant, in accordance with his pleas, was found guilty of several violations of the Uniform Code of Military Justice. In particular, he was found guilty of transferring cocaine on November 3 and marihuana on December 6, 1979, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (Charge I). He was also found guilty of stealing personal property sometime between September 1 and December 7, 1979, in violation of Article 121, UCMJ, 10 U.S.C. § 921 (Charge II). Finally, he was found guilty of going from his appointed place of duty on December 24 and failing to go to

his place of duty on December 25, 1979, in violation of Article 86, UCMJ, 10 U.S.C. § 886 (Charge III). The convening and supervisory authorities approved these findings of guilty. They also approved the sentence adjudged by this special court-martial, *i.e.,* a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $299.00 pay per month for 6 months, and reduction to the lowest enlisted pay grade. The Court of Military Review affirmed these approval actions.

■ This Court specified the following issue for review (Article 67, UCMJ, 10 U.S.C. § 867):

WHEN THE COMBINATION OF PRETRIAL CONFINEMENT AND CONFINEMENT ADJUDGED IS GREATER THAN THE MAXIMUM CONFINEMENT WHICH A SPECIAL COURT-MARTIAL MAY ADJUDGE, MUST ACTION BE TAKEN BY THE CONVENING AUTHORITY OR THE COURT OF MILITARY REVIEW TO ASSURE THAT THE TIME SPENT IN CONFINEMENT IS NOT GREATER THAN THE MAXIMUM CONFINEMENT AUTHORIZED IN VIEW OF THE DUTY TO APPROVE ONLY AN APPROPRIATE SENTENCE?

A similar question was addressed in *United States v. Davidson,* 14 M.J. 81 (C.M.A. 1982). We believe the specified issue in the present case can be resolved in the same manner. Accordingly, this particular question is answered in the negative.

This Court also granted the following issue * for review in the present case:

WHETHER THE APPELLANT WAS DENIED A SPEEDY TRIAL OF THE OFFENSES IN SPECIFICATIONS 1 AND 2 OF CHARGE I AND SPECIFICATION 1 OF CHARGE II?

A stipulation of fact concerning this question was entered into by the parties to this court-martial. It states:

The accused has been in pretrial confinement at the Confinement Facility, Malmstrom Air Force Base, Montana, for the following time periods:

| | | |
|---|---|---|
| Confined | 1330 hours, | 17 December 1979 |
| Released | 1230 hours, | 20 December 1979 |
| Confined | 0235 hours, | 21 December 1979 |
| Released | 0902 hours, | 23 December 1979 |
| Confined | 1800 hours, | 3 January 1980 |
| Released | 1620 hours, | 2 February 1980 |
| Confined | 1735 hours, | 7 February 1980 |
| | to present | |

The accused was incarcerated at the Cascade County jail, Great Falls, Montana, from December 7 to 17, 1979. On December 10, 1979 a felony theft complaint was filed in the Justice Court.

No information on this charge was filed in the District Court, also of Great Falls, Montana, because the State of Montana agreed to relinquish jurisdiction to the military. The complaint was dismissed on December 17, 1979.

■ For purposes of deciding the defense's motion asserting a lack of speedy trial, the military judge assumed appellant was in pretrial confinement for 104 days. In *United States v. Marshall,* 22 U.S.C.M.A. 431, 434, 47 C.M.R. 409, 412 (1973), this Court said:

Under *Burton,* the Government may still show diligence, despite pretrial confinement of more than 3 months, in such cases as ... those in which for reasons beyond the control of the prosecution the processing was unnecessarily delayed.

In the present case, two sets of additional charges were preferred against appellant after the date he was originally confined for his theft offense. The record also indicates that other criminal charges, purportedly committed by appellant after he was confined for the theft offenses, were investigated by the command but not referred to trial. Paragraphs 30g, 32c, and 33h, Manual for Courts-Martial, United States, 1969 (Revised edition), imposed on the command the responsibility to consolidate all these offenses at a single trial. In view of this responsibility and the repeated misconduct by appellant, we hold that "reasons beyond the control of the prosecution" delayed this court-martial. *Contra, United States v. Johnson,* 1 M.J. 101 (C.M.A. 1975); *United*

---

* The other granted issue (12 M.J. 103) was with-    drawn. 13 M.J. 481.

*States v. Ward,* 23 U.S.C.M.A. 391, 50 C.M.R. 273 (1975); *United States v. Brooks,* 23 U.S.C.M.A. 1, 48 C.M.R. 257 (1974). In view of all the unusual circumstances of this case, the Government showed reasonable diligence in bringing appellant to trial. *See United States v. Talavera,* 8 M.J. 14, 21 (C.M.A. 1979) (Fletcher, C.J., concurring in the result); *United States v. Roman,* 5 M.J. 385, 389 (C.M.A. 1978) (Fletcher, C.J., concurring in the result); *United States v. Henderson,* 1 M.J. 421, 427 (C.M.A. 1976) (Fletcher, C.J., dissenting).

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COOK concurs.

EVERETT, Chief Judge (concurring in the result):

In my separate opinion in *United States v. Davidson,* 14 M.J. 81, 87 (C.M.A. 1982), I expressed my view that under no circumstances may an accused be compelled to spend aggregate time in confinement—pretrial and adjudged—which exceeds the confinement authorized by the Table of Maximum Punishments for the offenses of which he has been convicted. So long as that requirement is complied with, pretrial confinement does not limit the punishment that can be imposed. Thus, it makes no difference that the pretrial confinement and the confinement adjudged by a special court-martial will aggregate more than 6 months—which is the jurisdictional limitation on the sentencing powers of such a court-martial. *See United States v. Davidson, supra* at 89 n. 7 (Everett, C.J., concurring in the result). Of course, pretrial confinement should be—and presumably is—taken into account by convening authorities in deciding initially whether to refer charges to a special or general court-martial. *Id.*