UNITED STATES, Appellee,

v.

Private (E–2) Darren L. DURR,
259–35–3408, United States
Army, Appellant.

CM 447354.

U.S. Army Court of Military Review.

31 Oct. 1985.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Daniel N. Velling, JAGC (on brief).

Before YAWN, WILLIAMS, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

Pursuant to his guilty pleas, appellant was convicted by a military judge sitting as a general court-martial of possession and distribution of hashish, larceny, and breaking restriction, violations of Articles 112a, 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921, and 934 (1982). He was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduc-

tion to the grade of Private E–1. Appellant asserts he was denied a speedy trial with respect to the charges of larceny and breaking restriction and, as a result, those charges should be dismissed. We agree.

On 7 November 1984, appellant was placed on post restriction as part of company grade nonjudicial punishment. Two days later he committed certain acts which gave rise to charges of larceny, assault[1] and breaking restriction.

On 12 November, the terms of appellant's restriction were increased because of appellant's alleged criminal acts. The military judge found the increased restriction was tantamount to confinement and marked the inception date of appellant's pretrial confinement for the purpose of resolving the speedy trial issue.

On 5 December, appellant's conduct while under restriction resulted in an additional charge of willful disobedience. On 13 and 15 December, appellant engaged in conduct which gave rise to the charges of possession and distribution of hashish. Appellant was also charged with failure to report for duty on 26 December. On 27 December, charges for all of the preceding offenses were preferred and appellant was placed in pretrial confinement. Trial was held on 2 April 1985.

At trial appellant moved to dismiss all charges for lack of speedy trial. The military judge denied the motion. Relying upon counsel's proffers of proof and a stipulation of fact setting forth the chronology of events, the military judge determined appellant had been subjected to 141 days of pretrial confinement. Of the 141 days, he found the defense was responsible for 27 days, leaving the government accountable

for 114 days. *See* Rule for Courts-Martial [hereinafter cited as RCM] 707(c)(3). The military judge correctly determined the government had complied with RCM 707(a) which requires an accused be brought to trial within 120 days after notice to the accused of preferral of charges or the imposition of restraint. The military judge stated he also had considered the case under *United States v. Burton*, 44 C.M.R. 166 (C.M.A.1971), and found no unwarranted periods of government delay. The military judge held the government proceeded diligently in a "complex and convoluted" case.

RCM 707 ostensibly establishes two separate time limits for bringing an accused to trial. The general time limit of 120 days is set forth in RCM 707(a) and, as noted above, was specifically considered by the military judge. A second time limit is imposed by RCM 707(d) which directs "[n]o accused shall be held in pretrial arrest or confinement in excess of 90 days for the same or related charges." The military judge may extend this period by 10 days upon a showing of extraordinary circumstances.[2] In this case, the military judge's ruling did not address the impact RCM 707(d) had upon appellant's motion. We consider that issue now.

Based upon the military judge's calculations, appellant was held in pretrial arrest or confinement for 114 days—24 days in excess of the 90 day time limit in RCM 707(d). Even if we assume extraordinary circumstances existed for extending the 90 day period, appellant was still brought to trial 14 days later than required.[3] As the military judge's computation only excluded defense delay to derive the total amount of

---

1. The military judge granted trial counsel's motion to withdraw the charge of assault after appellant entered guilty pleas to the offenses noted above.

2. The analysis to RCM 707(d) recognizes that *United States v. Burton*, 44 C.M.R. 166 (C.M.A. 1971), establishes a third test for purposes of speedy trial analysis but invites a reexamination of *Burton* in light of the provisions of RCM 707. Given the facts of this case, we do not address the relationship between RCM 707 and *Burton*.

3. It appears that seven days during which appellant accompanied his unit on a field training exercise might have been deducted from the 114 days calculated by the military judge. As the deduction of these seven days would still result in a trial seven days later than that required under RCM 707(d), our disposition of this case is unaffected by those seven days.

confinement, we must determine whether the record reveals any other delays which are excluded under RCM 707(c) in computing the time period for RCM 707(d). The only provision of RCM 707(c) which on its face may apply to this case is RCM 707(c)(8). This rule provides that periods of delay for "good cause" are excluded under RCM 707(d). We find the reasons advanced for the delay in this case do not satisfy the "good cause" requirement.

■ Although two situations, unusual operational requirements and military exigencies, are listed as illustrative of good cause, RCM 707(c)(8) does not define the term. At a minimum, however, good cause is a less strict standard than the "extraordinary circumstances" required by RCM 707(d). RCM 707(c)(8) is taken from section 12–2.3 of the ABA Standards, Speedy Trial (1978), which indicates the good cause standard was developed to accommodate the discretionary power trial judges have to deal with unique situations in determining whether they affect the calculation of the time for trial. Under the ABA Standards "good cause" is distinguished from the more onerous "exceptional circumstances" standard—a standard analogous to "extraordinary circumstances." *Cf.* Uniform Code of Criminal Procedure 722(f)(11) (1974) (standard of exceptional circumstances elected over good cause standard because it emphasizes reasons for delay must be compelling). While less may be needed to satisfy the good cause requirement than extraordinary circumstances, the overriding concern that an accused receives a speedy trial imposes limitations on the breadth of the good cause standard.

We believe the standard of good cause contemplates a balancing test. The interest of the accused and the military in a speedy trial must be weighed against the ends of justice that may be served by a delay in trial. *See e.g.*, 18 U.S.C. § 3161(h)(8)(A) (1982). Under this formula-

tion of the good cause standard, a two-step analysis must be conducted to determine if a time period is excludable under RCM 707(c)(8). First, the event which allegedly constitutes good cause must be analyzed to determine whether the event is of the type that may justify a delay. If so, the second inquiry is whether a nexus exists between the event and any delay in trial.

Relying upon *United States v. Groshong*, 14 M.J. 186 (C.M.A.1982), and *United States v. Huddleston*, 50 C.M.R. 99 (A.C.M. R.1975), the government contends appellant's commission of additional offenses during his increased restriction justifies the delay in this case. We disagree. In *Groshong*, the Court, noting the policy in the Manual for Courts-Martial that all offenses should ordinarily be tried together found the delay in trial was justified by the appellant's repeated misconduct. This court in *Huddleston* also found that additional charges may be extraordinary circumstances that justify the government's failure to proceed. While we agree that the commission of additional offenses may justify a delay in trial, thus satisfying the first part of the good cause analysis, such events are not *per se* justifications. *See United States v. Ward*, 1 M.J. 21, 24 (C.M. A.1975). The commission of the additional offenses must be the cause for trial delay. *See United States v. Johnson*, 1 M.J. 101 (C.M.A.1975). For example, in *Johnson*, the Court of Military Appeals refused to deduct from the time accountable to the government the number of days required to process, investigate, and forward additional charges. The Court found nothing in the record to support the claim that absent the additional charges the accused would have been tried for the original offenses within the required time.[4]

■ Similarly, the record in this case does not indicate the additional charges

---

4. The Court also noted, based upon the evidence of record, the amount of delay attributable to the additional misconduct could not be calculated with any degree of mathematical certainty.

1 M.J. at 104. As *Johnson* exemplifies, a complete and detailed record is needed to assist the appellate courts in properly resolving issues of speedy trial.

contributed to the delay in trying appellant. Indeed, the commission of the additional offenses seemed to trigger the active processing of appellant's case. The government cannot escape accountability for the delay in trying appellant on the original charges based upon the fortuity of appellant's subsequent offenses. Appellant's subsequent misconduct does not rise to the level of good cause under RCM 707(c)(8) and is not deductible for purposes of computing the time period under RCM 707(d).

As noted above, the military judge observed that this case was "complex and convoluted." Accordingly, another question for our resolution is whether the "complex and convoluted" nature of this case constituted good cause. Contrary to the military judge's observation, we find this case to be neither complex nor convoluted. We also find no evidence that the government proceeded diligently with respect to the charges of larceny and breaking restriction. As the government failed, with respect to those charges, to bring appellant to trial within the time period required by RCM 707(d), dismissal of the charges is required. RCM 707(e). With respect to the remaining charges, no denial of speedy trial occurred. *See United States v. Talavera*, 8 M.J. 14, 17 (C.M.A.1979) (when multiple specifications are present, proceedings as to each must be considered separately).

The findings of guilty of Charges II and VI and their specifications are set aside and the charges are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $400.00 pay per month for six months, and reduction to the grade of Private E-1.

Senior Judge YAWN and Judge WILLIAMS concur.