**UNITED STATES of America**

v.

**Jesus ROMAN, et. al., Defendants.**

**No. 94 Cr. 856 (CLB).**

United States District Court,
S.D. New York.

May 1, 1995.

Mary Jo White, U.S. Atty. for the S.D. of N.Y. by Kerry Lawrence, for the Government.

Suzanne Brody, White Plains, NY, for defendants.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

The underlying facts of this case are referred to in the Court's Memorandum and Order dated April 12, 1995 and familiarity therewith is assumed.

Co–Defendant, Jesus Roman, indicted with another for the crime of Aggravated Sexual Abuse (rape) within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2241, moves for an order compelling blood testing of himself and infant Michael Roman to determine if defendant is the biological father of Michael Roman. Defendant's stated purpose for determining the paternity of Michael Roman is to give "an indication of the pattern of manipulation and lying Monique Roman has followed when dealing with [defendant], culminating in the current charges against him," in other words, to impeach the complainant's credibility. (Brody Affirmation, p. 4). Complainant is the wife of co-defendant Roman.

Federal Rule of Evidence 412 reads in relevant part:

**Rule 412. Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition**

**(a) Evidence generally inadmissable—** The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual disposition.

**(b) Exceptions.—**

(1) In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:

(A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;

(B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and

(C) evidence the exclusion of which would violate the constitutional rights of the defendant.

The paternity testing sought by defendant is an attempt to illustrate indirectly to the trial jury the complainant's alleged sexual behavior in the distant past with individuals other than the defendant, thereby damaging her credibility. Federal Rule of Evidence 412 cannot be circumvented in this way. *See United States v. Ghent,* 21 M.J. 546 (U.S. Air Force Court of Military Review 1985).

Rule 412 seeks

[t]o safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the *infusion of sexual innuendo into the factfinding process.* By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Rule 412 seeks to achieve these objectives by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence *or for impeachment,* except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim.

(Notes of Advisory Committee on Rules, 1994 Amendment) (Emphasis supplied). The Advisory Committee observed concerning the definition of the term "sexual disposition" that

The rule has been amended to also exclude all other evidence relating to an alleged

victim of sexual misconduct that is offered to prove a sexual predisposition. This amendment is designed to exclude evidence *that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder.* Admission of such evidence would contravene Rule 412's objectives of shielding the alleged victim from potential embarrassment and safeguarding the victim against stereotypical thinking. (Emphasis supplied).

The sexual connotation which could be drawn from the paternity test results, should they turn out to be negative, is that the complainant has a history not only of promiscuity but of untruthfulness in matters of a sexual nature. Rule 412 does not permit this type of impeachment evidence.

The Court denies defendant's motion for paternity testing of the defendant and infant Michael Roman.

SO ORDERED.