22 U.S. 579 (1824)
9 Wheat. 579
The UNITED STATES
v.
JOSEF PEREZ.
Supreme Court of United States.
March 17, 1824.
Mr. Justice STORY delivered the opinion of the Court.
This cause comes up from the Circuit Court for the southern district of New-York, upon a certificate of division in the opinions of the Judges of that Court. The prisoner, Josef Perez, was put upon trial for a capital offence, and the jury, being unable to agree, were discharged by the Court from giving any verdict upon the indictment, without the consent of the prisoner, or of the Attorney for the United States. The prisoner's counsel, thereupon, claimed his discharge as of right, under these circumstances; and this forms the point upon which the Judges were divided. The question, therefore, arises, whether the discharge of the jury by the Court from giving any verdict upon the indictment, with which they were charged, without the consent of the prisoner, is a bar to any future trial for the same offence. If it be, then he is entitled to be discharged from custody; if not, then he ought to be held in imprisonment *580 until such trial can be had. We are of opinion, that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defence. We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office. We are aware that there is some diversity of opinion and practice on this subject, in the American Courts; but, after weighing the question with due deliberation, we are of opinion, that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial. A certificate is to be directed to the Circuit Court, in conformity to this opinion.
*581 CERTIFICATE. This cause came on, &c. On consideration whereof, it is ORDERED by the Court, that it be certified to the Circuit Court of the District of New-York, that, under the circumstances stated in the record, the prisoner, Josef Perez, is not entitled to be discharged from custody, and may again be put to trial, upon the indictment found against him, and pending in the said Court.