UNITED STATES of America

v.

Allen KLEIN, Defendant.

No. 77 Cr. 234 (VLB).

United States District Court,
S. D. New York.

Dec. 22, 1977.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for plaintiff.

Gerald Walpin, Rosenman, Colin, Freund, Lewis & Cohen, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

On April 6, 1977, the Government filed an indictment charging defendant Allen Klein with income tax evasion and making false statements on income tax returns, in violation of 26 U.S.C. §§ 7201 and 7206(1). Defendant entered a plea of not guilty. The case was tried before a jury and on November 10, 1977, after seventeen trial days and six days of jury deliberation, Judge Metzner declared a mistrial due to failure of the jury to reach a verdict.

The case was reassigned to me and a retrial is scheduled for January 30, 1978.

Defendant Klein has moved for dismissal of the indictment on the grounds that retrial would violate his rights under the Fifth Amendment to the United States Constitution not to be twice placed in jeopardy for the same offense.

The question here is, as it was in the seminal case of *United States v. Perez*, 22 U.S. 579, 9 Wheat. 579, 6 L.Ed. 165 (1824), "whether the discharge of the jury, by the court, from giving any verdict upon the indictment, with which they were charged, without the consent of the [defendant], is a bar to any future trial for the same offense."

■■■ The trial court has authority to discharge a jury from giving any verdict, "whenever, in the opinion of the judge taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *Id.; See also United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Grasso*, 552 F.2d 46 (2d Cir. 1977). It is clear that a declaration of a mistrial because of a hung jury does not of itself preclude reprosecution. *Downum v. United States*, 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); Comment, *Double Jeopardy and Reprosecution After Mistrial*, 69 Nw.U.L.Rev. 887, 896–97 (1975).

■■ In resolving the question of "manifest necessity" for declaration of a mistrial, it is necessary to determine whether the trial judge considered all the procedural alternatives to a mistrial. *United States v. Jorn, supra*, 400 U.S. at 485, 91 S.Ct. 547; *United States v. Grasso, supra*, 552 F.2d at 52; Note, *Mistrial and Double Jeopardy*, 49 N.Y.U.L.Rev. 937, 945 (1974).

In this case, after four full days of deliberation by the jury, Judge Metzner inquired of the jury:

Have you reached a verdict on any count in the indictment? If not, is there a possibility that you will reach a verdict on any count in the indictment if you continue your deliberations?

The jury's response indicated that although some jurors felt there was no possibility of a verdict, that view was not held by the entire jury:

Some feel there is no possibility of reaching a verdict on any of the counts as we appear to be deadlocked at this point. This, however, is not unanimous.

Tr. 2841. At this point, the judge excused the jury for the day.

The following day, Judge Metzner delivered a modified *Allen* charge, advising the jurors of their duty to make a conscientious effort to reach a verdict.

One of the alternatives to declaration of a mistrial suggested by defendant had involved the suggestion to the Court of a different *Allen* charge for presentation to the jury, in which the judge would suggest that the jurors consider whether the very length of the jury's deliberation might raise a reasonable doubt:

I have asked you to come back in here to talk with you a little further. You have been in your jury room in the process of deliberation for more than four days. That fact may itself be something for you to consider in reaching a verdict. As I previously instructed you, you must find the defendant not guilty, unless you are able to conclude that the government has fulfilled its burden of proving the defendant's guilt beyond any reasonable doubt.

The substantial period of time in which you have conscientiously considered the issues and the facts should be considered by you to determine whether that, in and of itself, does not indicate that there is a reasonable doubt. After all, it is difficult to conceive that twelve honest, intelligent and reasonable jurors would be able to spend this amount of time in deliberations on the issues if you did not find that there were reasonable differences of opinion to consider.

Defendant's Memorandum Concerning the Jury's Continued Deliberations, pp. 1–2.

Judge Metzner did not give the *Allen* charge proposed by defendant, and defendant contends that his failure to do so inhibited the jury from reaching a verdict. There is no merit to this contention. The *Allen* charge read by Judge Metzner was proper in all respects, advising the jurors of their duty to attempt to resolve their differences, but emphasizing that jurors had a parallel duty to adhere to their conscientious view of the evidence. Judge Metzner's rejection of defendant's proposed *Allen* charge in no way constitutes a coercion of a mistrial or inhibition of a verdict.

After a note from the jury on the meaning of corroboration, Judge Metzner gave a charge on the definition of corroborating evidence. Defendant contends that the charge on corroboration was insufficient and that as an alternative to mistrial the Court should have read to the jury the charge on corroboration proposed by defendant. Defendant asserts that the failure to read the charge proposed by defendant constituted a failure to help the jury reach a verdict, and implicitly a hindrance to a verdict. However, Judge Metzner's charge on corroboration cannot be read as inhibiting a verdict; defendant would be more candid if he acknowledged that his position is that the judge's refusal to use defendant's proposed charge was not an aid to a verdict of "not guilty." A judge has no responsibility to encourage a verdict of "not guilty"; to the contrary, the judge may not suggest by any means what verdict the jury should return, aside from instructing the jury on the standard of guilt beyond a reasonable doubt.

As Judge Metzner noted, defendant's objections to the charge on corroborating evidence do not relate to a claim of double jeopardy: they would normally be raised after conviction upon appeal from that conviction.

Late in the afternoon of the sixth day of jury deliberations, Judge Metzner inquired of the jury whether it was still deadlocked and whether there was a possibility of a verdict. Although defendant objected to use of the word "deadlock" in the question, the jurors themselves had used that term in their reply to Judge Metzner's inquiry on the fourth day of jury deliberations. In response to the note sent on the sixth day, the jurors indicated that nine jurors felt there was no possibility of reaching a verdict on any counts, while three jurors felt there was a chance of reaching a verdict:

Are you still deadlocked in your deliberations?

Yes.

Have you reached a verdict on any count in the indictment?

No.

If you have not reached a verdict as to any count in the indictment, is there a possibility that you can reach a verdict as to any count in the indictment?

Nine no; three yes.

(Tr. 2888).

Judge Metzner considered defendant's suggested alternatives to declaration of a mistrial, i. e., the delivery of defendant's proposed *Allen* charge, and defendant's suggested charge on corroboration, already discussed. Judge Metzner rejected these suggestions and over the objections of defendant, declared a mistrial.

A judge should declare a mistrial only when necessary due to extraordinary circumstances. *United States v. Perez, supra*; *Downum v. United States, supra*, 372 U.S. at 736, 83 S.Ct. 1033. The determination of when there is necessity for declaration of a mistrial depends upon the circumstances of the particular case. *United States v. Perez, supra*; *Downum v. United States, supra*, 372 U.S. at 737, 83 S.Ct. 1033; *United States v. Grasso, supra*. In this case there were six days of jury deliberation, reading of a proper *Allen* charge, consideration of proposed alternatives to a mistrial, and an indication by the jury that nine of twelve jurors felt they could not reach a verdict. Under these circumstances Judge Metzner, with some 18 years' experience as a trial judge, had the authority to conclude within his discretion that there was a hung jury, necessitating

the declaration of a mistrial. *See Illinois v. Somerville*, 410 U.S. 458, 462, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), *quoting, Gori v. United States*, 367 U.S. 364, 368, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); *United States v. See*, 505 F.2d 845, 850 (9th Cir. 1974).

Judge Metzner's actions with respect to the jury were proper in all respects; he did not coerce the declaration of a mistrial, nor did he inhibit the jurors from reaching a verdict.

Defendant has also objected to various actions by the prosecutor and the judge which he contends inhibited a verdict. Defendant's contentions are not persuasive.

 I find that neither Judge Metzner nor the prosecutor engaged in conduct which prevented a verdict. The declaration of a mistrial on the grounds of a hung jury was properly arrived at and is not a bar to reprosecution. The defendant's right under the Fifth Amendment not to be twice placed in jeopardy for the same offense has not been violated.

Defendant's motion for dismissal of the indictment is denied.

SO ORDERED.