## STATE OF CONNECTICUT *v.* MARK AUTORINO (13079)

HEALEY, CALLAHAN, GLASS, COVELLO and SANTANIELLO, Js.

Argued November 5, 1987—decision released May 10, 1988

*Barbara B. Sacks,* for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark,* assistant state's attorney, and *Theodore R. Paulding,* deputy assistant state's attorney, for the appellee (state).

SANTANIELLO, J. This appeal is from a decision of the trial court denying the defendant's motion to dismiss the information in a criminal prosecution based

upon the guarantee against double jeopardy as provided by the fifth amendment to the constitution to the United States.

The defendant was arrested and charged with one count of sexual assault in the third degree, in violation of General Statutes § 53a-72a. The charge arose from a complaint made by an eighteen year old woman who alleged that on July 4, 1985, she went to the defendant's home, at his invitation, to discuss arrangements for babysitting. While at his house, the complainant alleged that the defendant offered her money and forced her to submit to sexual contact over a thirty to forty minute period.

On September 3, 1986, just prior to the commencement of trial, the defendant filed a motion in limine[1]

---

[1] "Motion in Limine

"The defendant respectfully prays the Court to permit the entry of the evidence cited in the attached memorandum of law. The defendant prays the Court to:

"(1) Admit all these choices of evidence cited in the attached memorandum; or in the alternative;

"(2) hold a pre-trial hearing pursuant to Connecticut General Statutes Section 54-86f concerning the admissibility of the evidence."

"Memorandum in Support of Defendant's Motion in Limine

"FACTS

"The defendant in the above entitled matter stands charged with the offense of sexual assault in the third degree in violation of [General Statutes §] 53a-72a. The defendant files the instant motion in order to seek the Court's ruling concerning the admissibility of certain evidence. The defendant represents and hereby formally makes an offer of proof to introduce evidence concerning the following:

"(1) That the alleged victim of the offense has previously extorted money from individuals by claiming to be pregnant with their children and in need of an abortion. In fact, she was not pregnant with their children and utilized the money in another manner. This has occurred on more than one occasion and witnesses to this effect are under subpoena.

"(2) Witnesses will be produced who will testify that the alleged victim of this offense has utilized cocaine and marijuana in the past and has sought sources of them.

"(3) A witness will be produced who will state that the alleged victim of this offense has made statements indicative of having brought these charges in order to obtain money from the defendant."

seeking a pretrial ruling on the admissibility of certain evidence. The court heard brief argument on the motion at which time defense counsel informed the court that he was not seeking an immediate ruling. It was then agreed by the court and both counsel that further argument on the motion in limine was not appropriate until after the direct examination of the victim had taken place, and that a hearing and ruling on the motion would be postponed until that time.

The trial commenced immediately thereafter and the state's first witness was the victim. She testified as to the particulars of the incident. Upon completion of direct examination defense counsel commenced cross-examination, at which time he inquired if the witness had previously sought to obtain money from another male acquaintance by informing him that she was pregnant and needed an abortion. The state immediately objected and, outside the presence of the jury, moved for a mistrial. The defense counsel sought a ruling on the question propounded. The court did not rule on the admissibility of the question but instead granted the motion for mistrial. A new trial was scheduled for the next morning at which time the defendant filed a motion to dismiss the information and bar prosecution based upon the guarantee of the double jeopardy clause of the United States constitution. The court denied the defendant's motion which resulted in this appeal.

The sole issue raised by the defendant[2] is whether the trial court erred in failing to grant the defendant's motion to dismiss on the ground of double jeopardy as guaranteed by the fifth amendment to the United States constitution. We find no error.

---

[2] The defendant originally raised a second issue alleging that the court erred in failing to grant his motion to compel discovery. This issue was dismissed by order of this court on March 25, 1987.

"The fifth amendment to the United States constitution provides, in relevant part, 'nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.' 'This clause, which is applicable to the states through the fourteenth amendment; *Benton* v. *Maryland,* 395 U.S. 784, 787, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); establishes the constitutional standards concerning the guarantee against double jeopardy. *Crist* v. *Bretz,* 437 U.S. 28, 98 S. Ct. 2156, 57 L. Ed. 2d 24 (1978); *Benton* v. *Maryland,* supra, 795.' *State* v. *Roy,* 182 Conn. 382, 385, 438 A.2d 128 (1980); see *Arizona* v. *Washington,* 434 U.S. 497, 503, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978). Inasmuch as the jury had been selected and sworn . . . jeopardy had attached. *Crist* v. *Bretz,* supra; *United States* v. *Jorn,* 400 U.S. 470, 479, 91 S. Ct. 547, 27 L. Ed. 2d 543 (1971); *State* v. *Roy,* supra. The fact that jeopardy has attached does not, however, mean that a later termination of the trial mandates a dismissal of the charge based on the double jeopardy clause. *United States* v. *Jorn,* supra, 483–84; *State* v. *Roy,* supra; *State* v. *Aillon,* 182 Conn. 124, 128, 438 A.2d 30 (1980), cert. denied, 449 U.S. 1090, 101 S. Ct. 883, 66 L. Ed. 2d 817 (1981); see generally Schulhofer, 'Jeopardy and Mistrials,' 125 U. Pa. L. Rev. 449 (1977). This is so even though this 'constitutional protection also embraces the defendant's "valued right to have his trial completed by a particular tribunal." ' *Arizona* v. *Washington,* supra." *State* v. *Van Sant,* 198 Conn. 369, 376, 503 A.2d 557 (1986). "When a criminal defendant objects to the declaration of a mistrial . . . and the mistrial is declared for reasons amounting to 'manifest necessity,' his right to have his trial completed by his chosen tribunal is no longer protected and the double jeopardy clause does not bar a second trial. *Illinois* v. *Somerville,* 410 U.S. 458, 462, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973); *Gori* v. *United States,* 367 U.S. 364, 368, 81 S. Ct. 1523, 6 L. Ed. 2d 901

(1961); *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165 (1824); *State* v. *Roy,* supra, 386; *Matter of Plummer* v. *Rothwax,* 63 N.Y.2d 243, 471 N.E.2d 429, 481 N.Y.S.2d 657 (1984)." *State* v. *Van Sant,* supra, 377.

Even though the court does not make an express finding of "manifest necessity," " 'a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.' See generally Holleman, 'Mistrials and the Double Jeopardy Clause,' 14 Ga. L. Rev. 45, 57 (1979)." *State* v. *Van Sant,* supra.

"Justice Story, writing for the United States Supreme Court in *Perez,* set forth standards for determining when to order a retrial after the declaration of a mistrial over the defendant's objection. He said: 'We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes . . . .' *United States* v. *Perez,* supra, 580." *State* v. *Van Sant,* supra, 378.

In criminal cases, the defendant's constitutional right not to be twice tried for the same offense places the burden on the state to establish the necessity for a mistrial. Mistrials should be granted only where there is substantial and irreparable prejudice to the defendant or to the state, or where the jury is unable to reach

a verdict. Practice Book §§ 887 through 889.[3] Circumstances may arise which may cause the court to grant a mistrial in order to avoid an unjust decision to either party. There is no mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial. *Illinois* v. *Somerville,* supra, 462. Each case must be assessed on the basis of the particular circumstances before the presiding judge.

" 'A reviewing court looks for a manifest necessity by examining the entire record in the case without limiting itself to the actual findings of the trial court. . . .' It is the examination of the propriety of the trial court's action against the backdrop of the record that leads to the determination whether, in the context of a particular case, the mistrial declaration was proper. Given the constitutionally protected interest involved, reviewing courts must be satisfied . . . that the trial judge exercised 'sound discretion' in declaring a mistrial." (Citations omitted.) *State* v. *Van Sant,* supra, 379.

---

[3] "[Practice Book] Sec. 887. —— ——FOR PREJUDICE TO DEFENDANT

"Upon motion of a defendant, the judicial authority may declare a mistrial at any time during the trial if there occurs during the trial an error or legal defect in the proceedings, or any conduct inside or outside the courtroom which results in substantial and irreparable prejudice to the defendant's case. If there are two or more defendants, the mistrial shall not be declared as to a defendant who does not make or join in the motion."

"[Practice Book] Sec. 888. —— ——FOR PREJUDICE TO STATE

"Upon motion of the prosecuting authority, the judicial authority may declare a mistrial if there occurs during the trial, either inside or outside the courtroom, misconduct by the defendant, his counsel, or someone acting at the request of the defendant or his counsel, which results in substantial and irreparable prejudice to the prosecuting authority's case. If there are two or more defendants, the mistrial shall not be declared as to a defendant if neither he, nor his counsel, nor a person acting at his or his counsel's request participated in the misconduct, or if the prosecuting authority's case is not substantially and irreparably prejudiced as to him."

"[Practice Book] Sec. 889. —— ——JURY'S INABILITY TO REACH VERDICT

"The judicial authority shall declare a mistrial in any case in which the jury are unable to reach a verdict."

In the instant case, the defendant sought a ruling on his motion concerning the victim's alleged practice of extorting money from men by falsely claiming to be pregnant with their children. After discussion between counsel and the court, defense counsel informed the court that he was "not necessarily pressing for a ruling right now," but that he would begin cross-examination and "alert the court [when he was] approaching an area that's contained in [the] motion in limine, so the court can then decide how the court wants to handle that, either by excusing the witness or the [jury], however we want to do that."[4] The court thus deferred ruling, stating that, "[w]e're all in agreement then that the motion in limine should stand in abeyance at this time."

Despite this agreement defense counsel, without alerting the court, proceeded to inquire whether the victim had sought money from a male acquaintance claiming that she needed an abortion.[5] The state immediately objected and asked that the jury be excused. In the absence of the jury, the state moved for a mistrial claiming that the agreement with the court had been violated and that the question was "unbelievably damaging" and was "so prejudicial that [it would]

---

[4] Defense counsel had informed the court that the purpose of the motion in limine was "to alert the court [to] those evidentiary situations that trial counsel can see arise . . . so that the court is not blindsided by the events . . . and that the court can have a chance to anticipate that."

[5] During cross-examination of the victim the following discourse took place:

"Q. No, but I didn't ask you that. Do you lie?

"A. Have I ever lied?

"Q. Yeah.

"A. In my whole life?

"Q. Yeah.

"A. Yes.

"Q. All right. Do you know Steven Gorman?

"A. Yes.

"Q. Did you ever tell Steven Gorman that you were pregnant and needed an abortion and needed money from him?"

totally taint the perspective of the jury." Defense counsel conceded that "maybe I got caught up in the heat of the moment"[6] and sought a ruling on the admissibility of the question.[7] The court, upon reflection, stated, "I don't believe the court has any choice but to declare a mistrial at this time, and the court will declare a mistrial." After informing counsel that the case would commence once again on the following morning, before discharging the jury, the court stated on the record, "I just want to make one more brief statement for the record . . . . As I sat there listening to argument [on the state's motion for a mistrial,] I debated with myself whether or not this is something that I could cure by an instruction to the jury. I came to the conclusion that I couldn't, and therefore, I've decided on the mistrial."

---

[6]"Mr. Clifford: Yes, the question I had asked was: Did she ever approach this young man for the purposes of obtaining money for an abortion.

"Mr. Paulding: I think the word pregnancy was used.

"Mr. Clifford: Pregnancy I think is the word I used.

"The Court: And you did on the record indicate you would not mention that without first making the court aware of it . . . .

"Mr. Clifford: Well—

"The Court: . . . for purposes of giving counsel an opportunity to argue it, is that correct?

"Mr. Clifford: I'm concerned about that, because I think that maybe I got caught up in the heat of the moment, Your Honor, and I must admit that that's probably—I made a decision and I've alerted everybody to this matter; didn't have to file the motion in limine, didn't have to do anything. He would have to deal with that just as it's been risen in this context. And I tried not to do that. I've been trying to do this since June 14th. That's the date of my motion in limine. I have not been able to get it off the ground. I haven't had anybody been able to sit down and say, all right, let's put out the parameters of this case and see where this case is going. And what happens is—

"The Court: Now, please, just a minute, Mr. Clifford.

"Mr. Clifford: Yeah.

"The Court: It's just at the opening of this trial every opportunity was given to you and you were in perfect agreement that we not take up the motion in limine. At least you surprised me with this argument."

[7] The record reflects that the court considered the substance of the question, which was put forth by defense counsel, without notice to the court

The record reflects that the trial court considered the agreement, the violation of the agreement by defense counsel, the prejudicial impact on the jury, and the possibility of curative instructions. The court was in the best position to evaluate the circumstances and the effect of the question on the right to a fair and just trial.

The court concluded the question was so damaging that it would prevent both the state and the defendant from receiving a fair trial before the jury. By scheduling the trial on the following day before a new jury, there was neither delay nor damage to the defendant's ability to conduct his defense before an impartial jury. The potential for a tainted jury verdict was eliminated and the opportunity for the jury trial to proceed without the potentially damaging statements made in the presence of the jury was assured.

The decision to declare a mistrial rests in the sound discretion of the trial judge who is best situated to take all the circumstances into account and to decide whether a mistrial is in fact required in a given case. *State* v. *Van Sant,* supra, 384.

The trial court is in the best position to assess all the factors that must be considered in making a necessarily discretionary determination whether the jury will be able to reach a just verdict. The difficulty that led to the mistrial in this case also falls in an area where the trial judge's determination is entitled to special

---

or the state in breach of an express agreement between the parties, and concluded it caused irreparable damage. After dismissing the jury, the court heard argument by the state regarding the grounds for a mistrial, and argument by defense counsel claiming that the question was raised for impeachment purposes, directed at the veracity of the victim, and did not involve the rape shield statute. The court concluded that mistrial was the appropriate remedy under the existing circumstances. The failure to rule on the admissibility of the question in this instance did not constitute error. Nor, under the circumstances do we express an opinion as to the admissibility of the question propounded to the complaining witness by defense counsel.

respect. There are compelling institutional considerations militating in favor of appellate deference to the trial judge's evaluation of the significance of possible juror bias. The judges have seen and heard the jurors during their voir dire examination. They are the judges most familiar with the evidence and the background of the trial. They have listened to the tone of the question propounded, observed the apparent emotionalism of defense counsel who got "caught up in the heat of the moment" and any reaction the jurors may have had to the situation at hand. In short, they are far more "conversant with the factors relevant to the determination" than any reviewing court can possibly be. See *Wade* v. *Hunter,* 336 U.S. 684, 687, 69 S. Ct. 834, 93 L. Ed. 974, reh. denied, 337 U.S. 921, 69 S. Ct. 1152, 93 L. Ed. 1730 (1949).

There is no error.

In this opinion the other justices concurred.