(762 P.2d 192)

No. 60,846

STATE OF KANSAS, *Appellee*, v. DONNIE R. BURNETT, *Appellant*.

Opinion filed September 30, 1988.

*Benjamin C. Wood*, chief appellate defender, for the appellant.

*Eric S. Rosen*, assistant district attorney, *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before RULON, P.J., SIX and ELLIOTT, JJ.

SIX, J.: This is a mistrial-double jeopardy case. Defendant Donnie Burnett's first trial was declared a mistrial. His second trial resulted in a conviction of battery against a police officer. He was acquitted of aggravated robbery.

Burnett's motion to dismiss, filed prior to the second trial, on grounds of double jeopardy was overruled. The trial court found that there was manifest necessity to declare the mistrial. We find no error and affirm.

The issues on appeal are: (1) Did the trial court err in granting

the State's motion for mistrial? (2) Was the retrial barred by the U.S. Const. amend. V? (3) Was the retrial barred by Kansas law?

On September 22, 1986, Thu Lang Bynum was robbed at gunpoint as she was closing her alterations store in Topeka. Burnett was arrested and positively identified by Bynum as her assailant. Other than Bynum's description and identification of Burnett, the police had no evidence connecting Burnett to the robbery. Burnett was charged with aggravated robbery and battery against a police officer. The battery charge arose out of a scuffle with an officer at the police station after Burnett's arrest.

At the preliminary hearing, counsel for the defendant stated that he had been in the victim's shop. Bynum stated that she remembered counsel as a customer in her shop and that she kept records on all customers. Defense counsel brought up the subject again during the first trial when he cross-examined Bynum. A portion of that cross-examination developed as follows:

"Q. You know that I'm your customer?
"A. Yes.
"Q. And if I told you that I had never been in your shop before—
"A. You don't tell me that either. You come there. I tell you for sure.
"Q. So, once you leave here, you could go back to your shop and bring out a card with my name on it tell me—
"A. I tell you I'm sure you my customer.
"Q. So, I subpoena you back here with that information, you'll bring it back here later on today?
"A. I do.
"Q. Okay, then I'm going to do that.
"A. Yes.
"Q. Because I've never been in your shop, ma'am."

No objection was made to this questioning at that time. Defense counsel proceeded to cross-examine Bynum on her identification of the defendant. Counsel then again brought up the question of whether he had been a customer in her store. At this point the prosecution objected on the basis that the testimony was irrelevant. The judge overruled the objection. The prosecution also objected, outside of the hearing of the jury, to the questioning because defense counsel had said, at the preliminary hearing, that he was a customer of Bynum's. The trial judge told the prosecutor that he could call defense counsel as a witness.

The prosecution continued with its case until the following day. The assistant district attorney, defense counsel, and the trial judge met in the judge's chambers. The prosecution asked to

endorse the court reporter from the preliminary hearing as another witness in order to impeach defense counsel. The judge then questioned what would happen if defense counsel decided to take the stand. Defense counsel said that he would request a mistrial because an attorney in a case cannot also be a witness in the same case.

The proceedings were then adjourned until the following morning, at which time counsel met with the judge in chambers again. At this point, the prosecution moved for a mistrial on the basis that Bynum's credibility was attacked by testimony of defense counsel while counsel was not on the stand. Defense counsel strenuously objected to the motion. He said that he was willing to be called as a witness and to withdraw as counsel if necessary. Later, when denying the double jeopardy motion, the trial judge said that defense counsel had indicated he would withdraw temporarily and then reenter to make closing arguments. That alternative was unacceptable. The judge declared a mistrial, stating that: (1) The court erred in allowing the questioning, and (2) defense counsel testified before the jury while he was not on the stand when counsel made the statement, "I've never been in your shop, ma'am."

### (1) The Mistrial Motion

Burnett argues that the trial court erred in declaring a mistrial because the State did not object to defense counsel's statements at the time they were first made. Burnett cites K.S.A. 60-404 in support of his argument. K.S.A. 60-404 requires a timely interposed objection before an appellate court can reverse a trial court by reason of erroneous admission of evidence. K.S.A. 60-404 is not controlling on a trial judge in determining whether to grant a mistrial.

"Terminating a trial and declaring a mistrial on one of the statutory grounds listed in K.S.A. 22-3423 is largely within the discretion of the trial court. A clear showing of abuse of discretion must be made before the decision of a trial court will be set aside on appeal." *State v. McQueen & Hardyway,* 224 Kan. 420, 427, 582 P.2d 251 (1978).

Although no statutory basis for the mistrial was given at the time it was granted, both parties cite K.S.A. 22-3423(1)(c) as the basis for the mistrial. K.S.A. 22-3423(1)(c) provides that a trial judge may order a mistrial at any time termination is necessary because of prejudicial conduct which makes it impossible to proceed without injustice to either of the parties. In the instant

case, the trial judge was concerned with the prejudicial effect that calling the defense counsel as a witness would have on both parties. The court was convinced that neither party could have received a fair and impartial trial because of the statements of the defense counsel which the court observed it had erroneously permitted.

"Discretion is abused only where no reasonable man would take the view adopted by the court; if reasonable men could differ as to the propriety of the action taken by the court, then it cannot be said the trial court abused its discretion." *State v. Falke*, 237 Kan. 668, 679-80, 703 P.2d 1362 (1985).

Reasonable men could differ as to the necessity of a mistrial under these facts; therefore, declaring a mistrial was not an abuse of discretion. In the instant case, the trial judge discussed the possible options with both attorneys. He was convinced that neither party could have received a fair and impartial trial given the circumstances. In fact, it was defense counsel who initially brought up the possibility of a mistrial.

### (2) Double Jeopardy

We turn now to the issue of double jeopardy. The double jeopardy provision of the United States Constitution has been analyzed in several opinions of the United States Supreme Court:

"[T]his Court has held that the question whether under the Double Jeopardy Clause there can be a new trial after a mistrial has been declared without the defendant's request or consent depends on whether 'there is a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated.'" *United States v. Dinitz*, 424 U.S. 600, 606-07, 47 L. Ed. 2d 267, 96 S. Ct. 1075 (1976) (quoting *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L. Ed. 165 [1824]).

In *Arizona v. Washington*, 434 U.S. 497, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978), the Court found that where a mistrial was ordered because of improper remarks made by defense counsel, the trial judge's determination is entitled to special respect. 434 U.S. at 511. The appellate court must determine if the trial judge acted irrationally or irresponsibly. 434 U.S. at 514. In Burnett's case, there is no indication that the trial judge acted irrationally or irresponsibly in declaring the mistrial. He fully stated his reasons for granting the mistrial when he overruled the motion for dismissal based on double jeopardy.

The Kansas Constitution Bill of Rights § 10 protects defendants from double jeopardy. The Kansas Supreme Court recog-

nizes the doctrine of "manifest necessity." *State v. Folkerts*, 229 Kan. 608, 612, 629 P.2d 173 (1981).

The court in *State v. Bates*, 226 Kan. 277, 283, 597 P.2d 646 (1979), noted:

"Even when a mistrial is declared without the consent of the defendant or upon his motion, a retrial is still constitutionally permissible *if* the judge exercised sound discretion in determining justice required a mistrial." (Citing *United States v. Jorn*, 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547 [1971].)

The trial court may find that manifest necessity exists where improper comments of defense counsel may bias the jury. The judge must weigh the defendant's right to have a trial concluded before the first jury with the public's interest in a fair trial and judgment. 21 Am. Jur. 2d, Criminal Law § 292. A defendant should not be able to challenge a mistrial declaration and claim double jeopardy where the mistrial was caused by the defense attorney's misconduct or error.

K.S.A. 21-3108 addresses the effect of former prosecutions. K.S.A. 21-3108(1)(c)(iii) provides:

"A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:

. . . .

"(c) Was terminated without the consent of the defendant after the defendant had been placed in jeopardy, except where such termination shall have occurred by reason of: . . . (iii) the impossibility of the jury arriving at a verdict."

The two other exceptions in this subsection are the illness or death of an indispensable party and the inability of the jury to agree. Burnett argues that nothing rendered it impossible for the jury to reach a verdict in the first trial. The State argues that it was impossible for the jury to reach a verdict because the mistrial was granted prior to jury deliberations.

Illness, death, and a hung jury are the most common reasons for a mistrial. Since these situations are covered by the first two exceptions in the statute, 21-3108(1)(c)(iii) was intended to cover other fact situations.

Burnett argues, as did the defendant in *Folkerts*, that K.S.A. 21-3108 defines the situations in which double jeopardy applies. In *Folkerts*, the court addressed Burnett's argument and disposed of it by stating:

"While the statutes [K.S.A. 22-3423 and K.S.A. 21-3108] are comprehensive in scope, we do not believe they eliminate the inherent power of a court to declare a mistrial when justice so requires and there exists a manifest necessity to do so." *State v. Folkerts*, 229 Kan. at 614.

The trial judge did not abuse his discretion in declaring a mistrial. The protections against double jeopardy do not prohibit retrial of the defendant in the factual situation involved in the case at bar.

Affirmed.