IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-268-CR




CLEVE MOTEN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY, 


NO. 302,051, HONORABLE WENDELL ODOM, JUDGE


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated, first offense. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (Supp. 1991). The court assessed punishment at incarceration for two
years and a $600 fine, but imposition of sentence was suspended and appellant was placed on
probation. In his only point of error, appellant urges that the court below erred by overruling
his plea of prior jeopardy.

 This was appellant's third trial for this offense. Appellant's first trial resulted in
a hung jury and a mistrial. During his opening statement at the second trial, defense counsel told
the jury that this was not an easy case, that it had been tried previously, and that the jurors at
appellant's first trial had been unable to reach a verdict. The State then moved for a mistrial on
the ground that these remarks had incurably prejudiced the jury. The court granted the State's
motion over appellant's objection. Unless this mistrial was manifestly necessary, appellant's third
trial was barred by jeopardy.

 Jeopardy attached when the jury was impaneled and sworn at the second trial, and
appellant possessed a valued right to have his guilt or innocence determined before that trier of
fact. Crist v. Bretz, 437 U.S. 28 (1978); McElwee v. State, 589 S.W.2d 455 (Tex. Crim. App.
1979). Because the mistrial decision affects a constitutionally protected right, there must be a
high degree of necessity that the trial come to an end to avoid the double jeopardy bar. A
reviewing court must determine that the trial judge did not act irrationally or irresponsibly, and
that the mistrial order reflects the exercise of sound discretion. Arizona v. Washington, 434 U.S.
497 (1978); Ex parte Moore, 695 S.W.2d 715, 719 (Tex. App. 1985, no pet.). In short, manifest
necessity must be shown for declaring a mistrial over the objection of the accused. United States
v. Perez, 22 U.S. (9 Wheat.) 579 (1824); Harrison v. State, 788 S.W.2d 18, 21-22 (Tex. Crim.
App. 1990).

 The words "manifest necessity" do not describe a standard that can be applied
mechanically or without attention to the particular problem confronting the trial court. Arizona
v. Washington, 434 U.S. at 506. Where the necessity for a mistrial turns on an assessment of the
prejudicial impact of some impropriety by defense counsel, the trial court's decision is entitled
to great deference. Id. at 510; Harrison, 788 S.W.2d at 22. In such cases, the trial court is far
more conversant with the factors relevant to the determination than a reviewing court can be.

 Arizona v. Washington involved a fact situation similar to this cause. The
defendant's original conviction was reversed on appeal because the prosecutor withheld
exculpatory evidence from the defense. During his opening statement to the jury at the second
trial, defense counsel told the jurors that evidence was suppressed by the prosecutor at the first
trial, and that the defendant had been awarded a new trial because of the prosecutor's misconduct. 
Based on these statements, the prosecutor moved for a mistrial. After hearing arguments on the
propriety of counsel's remarks and the prejudicial effect they might have had, the court declared
a mistrial. In doing so, the court stated that alternative solutions had been considered and found
inadequate. The Supreme Court found no abuse of discretion:


The trial judge did not act precipitately in response to the prosecutor's request for
a mistrial. On the contrary, evincing a concern for the possible double jeopardy
consequences of an erroneous ruling, he gave both defense counsel and the
prosecutor full opportunity to explain their positions on the propriety of a mistrial. 
We are therefore persuaded by the record that the trial judge acted responsibly and
deliberately, and accorded careful consideration to [the defendant's] interest in
having the trial concluded in a single proceeding. Since he exercised "sound
discretion" in handling the sensitive problem of possible juror bias created by the
improper comment of defense counsel, the mistrial order is supported by the "high
degree" of necessity which is required in a case of this kind. Neither party has a
right to have his case decided by a jury which may be tainted by bias; in these
circumstances, "the public's interest in fair trials designed to end in just
judgments" must prevail over the defendant's "valued right" to have his trial
concluded before the first jury impaneled.



434 U.S. at 515-16 (footnotes omitted).

 Appellant relies primarily on Harrison. In that case, the defendant was accused
of hindering the arrest of his brother. The arresting officer testified that appellant struck him
during the episode, giving him a black eye. During cross-examination, defense counsel asked the
officer if he remembered seeing the person who came to get the defendant out of jail following
his arrest. The officer said he did not. Counsel then asked, "Would you be surprised if I said
I remember seeing you?" After receiving a negative response, counsel asked, "If you'd had a
black eye, do you think I would have seen it through that window?" The officer replied, "I
couldn't say." 788 S.W.2d at 20. The State moved for a mistrial, arguing that counsel made
himself a fact witness by his questioning of the officer. The State indicated that it might be
necessary to call defense counsel as a witness if a mistrial were not declared, forcing counsel to
withdraw from the case in the middle of trial. The motion was granted. The Court of Criminal
Appeals concluded that a mistrial was not manifestly necessary:


While the questions in the instant case sought to call [the officer's] credibility into
question on one rather insignificant and undeveloped aspect, they did nothing to
impeach his testimony regarding [the defendant's] actions in committing the
offense. . . . We hold that the questions posed by defense counsel, even if
improper, were of "merely tangential importance" to the case itself and did not
"irreversibly inject" counsel's credibility as an issue in the trial. In addition,
because the trial judge failed to consider any less drastic alternatives the declaration
of a mistrial was improper. . . .



788 S.W.2d at 23, 24.

 We find this cause to be more closely analogous to Washington v. Arizona than to
Harrison. The outcome of a prior trial of the defendant in the same cause is generally irrelevant. 
Where a new trial is granted following a conviction, allusion to the conviction at the new trial is
forbidden. Tex. R. App. P. Ann. 32 (Pamph. 1991). A reference to a previous hung jury is also
improper. Heidingsfelder v. State, 81 S.W.2d 510 (Tex. Crim. App. 1935). By revealing the
result of the first trial as he did, counsel may have affected the impartiality of the jury by
suggesting that the other jurors had found the State's evidence weak and unpersuasive. This
distinguishes this cause from Harrison, where counsel's improper questions related only to an
insignificant and undeveloped aspect of the State's case. 

 Before ruling on the State's motion for mistrial, the court gave both parties a full
opportunity to be heard. The prosecutor argued that counsel's opening statement was
inflammatory and prejudicial to the State, and that the harm could not be overcome by an
instruction to disregard. Defense counsel urged that his statement had not been improper; he did
not comment on the possibility of curing the error by an instruction. In granting the State's
motion, the court expressly found that an instruction would not be sufficient to cure the error. 
This also distinguishes this cause from Harrison.

 This passage from Washington v. Arizona accurately summarizes our conclusion
in this cause:


 We recognize that the extent of the possible bias cannot be measured, and
that the District Court was quite correct in believing that some trial judges might
have proceeded with the trial after giving the jury appropriate cautionary
instructions. In a strict, literal sense, the mistrial was not "necessary."
Nevertheless, the overriding interest in the evenhanded administration of justice
requires that we accord the highest degree of respect to the trial judge's evaluation
of the likelihood that the impartiality of one or more jurors may have been affected
by the improper comment.



434 U.S. at 511. We accord the same degree of respect to the trial court's judgment in this cause. 
We find that the court did not abuse its discretion in granting the State's motion for mistrial at
appellant's second trial. As a consequence, the court did not err by overruling appellant's plea
of prior jeopardy.


 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  October 23, 1991

[Do Not Publish]