27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Ricky WALLIS, Appellant.
 No. 93-3516.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 18, 1994.
Filed: July 5, 1994.
 
 Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ricky Lynn Wallis was indicted on one count of a multi-count, multi-defendant indictment for possession with intent to distribute approximately 1687 pounds of marijuana in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Wallis's first trial, a joint trial with several coconspirators, was declared a mistrial as to Wallis when the prosecutor asked an improper question concerning a coconspirator's guilty plea. Wallis's second trial also was declared a mistrial when the jurors were unable to reach a verdict and reported that they were "irrevocably hung." The jurors revealed that they were split eleven to one in favor of Wallis's acquittal.
 
 
 2
 Following the second mistrial, Wallis moved to dismiss the superseding indictment, arguing that his retrial would violate the Double Jeopardy Clause of the Fifth Amendment.[1] After a hearing, the District Court[2] denied the motion. Wallis appeals.
 
 
 3
 In his appeal, Wallis renews his argument that his retrial would violate the Double Jeopardy Clause. Wallis contends that Supreme Court precedent upholding the constitutionality of state statutes providing for less than unanimous verdicts in criminal cases should be applied to the eleven-to-one split in his case in federal court. Thus, he argues that the jury deadlock should be deemed an acquittal for Double Jeopardy purposes.
 
 
 4
 This argument lacks merit. The Supreme Court consistently has adhered to the well-established rule that a mistrial order occasioned by a deadlocked jury does not trigger the Double Jeopardy bar of the Fifth Amendment to prevent retrial. Richardson v. United States, 468 U.S. 317, 323-24 (1984); United States v. Perez, 22 U.S. (9 Wheat.) 579, 580 (1824). We find no error of law in the District Court's denial of the motion to dismiss and conclude that an opinion by this Court would lack precedential value. Accordingly, we affirm without further discussion.
 
 
 5
 AFFIRMED. See 8th Cir. R. 47B.
 
 
 
 [1]
 Wallis makes no Double Jeopardy claims concerning the first mistrial
 
 
 [2]
 The Honorable Stephen M. Reasoner, Chief Judge of the United States District Court for the Eastern District of Arkansas