IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00050-CV

 

In
re Vaughn Birdwell

 

 



Original Proceeding

 

 



memorandum Opinion



 

            The petition for writ of
mandamus is denied.[1] 
See Harrell v. State, --- S.W.3d ---, 2009 WL 1567107 (Tex. June 5, 2009).

 

                                                                                    REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
denied

Opinion
delivered and filed June 17, 2009

[OT06]









[1] We have redesignated
this proceeding as “CV” rather than “CR.”  See Harrell, --- S.W.3d at ---,
2009 WL 1567107, at *2; In re
Johnson, 280 S.W.3d 866, 869-70, 874 (Tex. Crim. App. 2008) (orig.
proceeding).

 








urt continued, "the Court feels that in fairness to both
parties a mistrial needs to be declared." The court then declared a mistrial over Tubbs' objection.
      When a mistrial is declared over the defendant's objection, the prosecutor has the burden of
justifying the mistrial to permit a retrial. Arizona v. Washington, 434 U.S. 497, 505, 98 S.Ct.
824, 830, —— L.Ed.2d —— (1978). The prosecutor must show that the mistrial was declared
because of "manifest necessity." United States v. Perez, 22 U.S. 579, 580, 6 L.Ed. 165 (1824). 
The words "manifest necessity" imply degrees of necessity and simply mean a "high degree" of
necessity in light of all relevant circumstances. Washington, 434 U.S. at 506-07, 98 S.Ct. at 830-31; Ex Parte Homann, 780 S.W.2d 933, 934-35 (Tex. App.—Austin 1989, no writ).
      A person cannot be tried for the same offense more than once. U.S. Const. amend. V; Tex.
Const. art. I, § 14. "Once jeopardy attaches . . . the defendant possesses a valued right to have
his guilt or innocence determined before the first trier of fact." Torres v. State, 614 S.W.2d 436,
441 (Tex. Crim. App. 1981). The first concern when double jeopardy is presented is whether
jeopardy has attached. Serfass v. United States, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43
L.Ed.2d 265 (1975). In Texas, jeopardy attaches when the jury is empaneled and sworn. Crist
v. Bretz, 437 U.S. 28, 36, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978).
      Jeopardy clearly attached when the jury was empaneled and sworn. Thus, the question is
whether the circumstances relied on by the court in granting the mistrial constituted manifest
necessity for its action. It gave these reasons for the mistrial: the voir-dire process had been
interrupted; the interpreter present at trial was different from the one at voir dire and was then
only available for half a day; and "fairness" to both sides mitigated against proceeding with the
trial for half a day, taking a recess, and then continuing the following day. What relevance any
interruptions during voir dire had to the necessity for a mistrial is unexplained and not readily
apparent. The same can be said of the relevance of having a different interpreter assist Tubbs
during the evidentiary portion of the trial. How these two circumstances could result in unfairness
to the parties is likewise not apparent from the record. The only factor that had any arguable
relevance to manifest necessity for the mistrial was the expected half-day delay in the proceeding
caused by an absent interpreter. There was no explanation, however, of why this interruption
would result in such unfairness to the parties that a manifest necessity existed for the court to
declare a mistrial over Tubbs' objection. This circumstance alone, or in combination with the
other reasons given for the mistrial, did not amount to manifest necessity.
      Tubbs had a "valued right" to have his guilt determined by the jury that was empaneled. See
Torres, 614 S.W.2d at 441. Because jeopardy had attached and the mistrial was declared without
a manifest necessity, Tubbs may not be placed in jeopardy again for the same offense. 
Accordingly, we reverse the judgment denying the writ of habeas corpus and remand the cause
with instructions for the trial court to grant the writ and dismiss the proceeding with prejudice. 
See Tex. R. App. P. 120(g).
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded with instructions
Opinion delivered and filed February 17, 1993
Do not publish