# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Xavier Davis

November 20, 2009

Case No. CR07-4397-14

BY JUDGE JERRAULD C. JONES

The Court writes in order to issue its opinion and ruling upon the Defendant's motion filed herein to bar re-prosecution following an order granting the Commonwealth's motion for a mistrial over his objection. For the reasons stated herein, the Court hereby denies the Defendant's motion.

First, the Court notes that it has carefully considered all points of authority raised by the parties in their respective briefs and oral arguments, including, but not limited to *Arizona v. Washington*, 434 U.S. 497, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1977); *Downum v. United States*, 372 U.S. 734, 83 S. Ct. 1033, 10 L. Ed. 2d 100 (1963): *United States v. Perez*, 22 U.S. 579, 6 L. Ed. 165 (1824); *Baum v. Rushton*, 572 F.3d 198 (4th Cir. 2009); *Allen v. Commonwealth*, 252 Va. 105, 472 S.E.2d 277 (1996); and *Brandon v. Commonwealth*, 22 Va. App. 82, 467 S.E.2d 859 (1996). In addition, the Court has conducted an exhaustive search for any and all legal precedents which might inform its decision in this matter.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, and Article I, section 8, of the Virginia Constitution provide that no person shall be twice put in jeopardy of life or limb for the same offense. This protection against Double Jeopardy embraces the defendant's right to have his trial completed by a particular tribunal. Thus, the Double Jeopardy protection is implicated when a trial terminates after the jury is impaneled and sworn but before verdict.

However, retrial is not automatically barred when a trial is terminated without a verdict. For example, re-prosecution after a Court declares a mistrial does not violate Double Jeopardy protections if the prosecution demonstrates that *manifest necessity requires declaration of a mistrial over the objection of the defendant or the ends of public justice would otherwise be defeated.* In such circumstances, a court must consider the defendant's valued right to have his trial completed by a particular tribunal and the public interest in affording the state a full and fair opportunity to present its case to an impartial jury.

Be advised that the Court was wary of possible double jeopardy concerns when it granted the Commonwealth's Attorney's motion for mistrial. However, the Court was convinced that the ends of public justice demanded the declaration of a mistrial on the facts presented. Introduction of the fingerprint evidence was important to afford the jury the benefit of fully developed facts; both parties required time and expert assistance to fully account for the newly discovered fingerprint evidence; and, both parties believed in good faith and had represented to the jury that no fingerprint evidence existed. The Court concluded that there existed no reasonable alternative to mistrial.

Further, even in the face of Defendant's arguments to the contrary, the Court affirms its decision that the ends of public justice would have been defeated in the absence of a mistrial. Defense counsel argues that the Commonwealth's Attorney should have discovered this fingerprint evidence earlier, and he argues that this failure rendered a mistrial impermissible as beyond the bounds of manifest necessity. Having given full consideration to these arguments, the Court finds that the late revelation of fingerprint evidence is not attributable to any improper conduct on the part of the Commonwealth's Attorney. Notwithstanding the facts surrounding the Commonwealth's unsuccessful attempt to introduce fingerprint evidence in co-defendant Andre Gaddie's case, there is no evidence that Mr. Entas acted in anything but good faith, reasonably relying on the investigator's representations that no fingerprint evidence existed that would connect the defendant to the scene of the alleged crime. Therefore, the Court finds that Mr. Entas did not request a mistrial in order to buttress weaknesses in his evidence, harass the defendant, or achieve a more favorable opportunity to convict the accused. With regard to the latter motive, it is notable that Gaddie was convicted without fingerprint evidence on the basis of the testimony of other alleged co-conspirators.

The Court finds that *Baum v. Rushton,* 572 F.3d 198 (4th Cir. 2009), is instructive and persuasive authority. Although *Baum* is factually distinguishable from this case, the cases are similar in that both involve the discovery of evidence after trial began and, in both cases, the prosecutor acted

reasonably in commencing the case without the evidence. In *Baum*, the Fourth Circuit Court of Appeals upheld a defendant's conviction in a second trial following declaration of a mistrial over defendant's objection, finding that a mistrial declared to permit further examination of newly discovered evidence was justified to afford the jury the benefit of fully developed facts. *Id.* at 215. Similarly, the fingerprint evidence in this case is essential to a fair and just judgment by the jury.

Importantly, this case is distinguishable from *Downum v. United States*, 372 U.S. 734, 83 S. Ct. 1033, 10 L. Ed. 2d 100 (1963), a case upon which defense counsel relies heavily in support of defendant's motion to bar retrial. In *Downum*, the prosecutor proceeded to empanel the jury without first ensuring that a key witness was present. When the prosecutor realized he could not proceed without his key witness, he requested a mistrial, which the trial court granted over the defendant's objection. The trial court properly sustained a double jeopardy plea when the second jury was selected.

The instant matter is in a different posture. At the time the jury was impaneled and the evidence was presented, Mr. Entas relied in good faith on the investigator's representations that no fingerprint evidence existed to connect the defendant to the scene of the alleged crime. Unlike the prosecutor in *Downum*, Mr. Entas did not act recklessly by proceeding with the trial. Indeed, the discovery of a fingerprint match was an unexpected development under the specific facts of this case.

Accordingly, after careful review of the relevant law and the circumstances in this case, the defendant's motion to bar retrial is denied.