

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00266-CR

**EX PARTE** James **KEARNS**

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2022W0277
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: July 19, 2023

AFFIRMED

This is an appeal from the trial court's order denying appellant James Kearns's pretrial habeas application based on double jeopardy grounds. We affirm the trial court's order.

### BACKGROUND

Kearns was charged by indictment with intoxication manslaughter, manslaughter, and failure to stop. At the beginning of voir dire, Kearns requested a continuance because a week before trial, the State had made four disclosures, one of which concerned information regarding a Leica scan machine.[1] The State argued the Leica scan machine listed in the disclosure was not essential to the case, and the trial court denied defense counsel's request for a continuance.

---

[1] The record indicates the San Antonio Police Department uses an instrument known as the Leica System, which takes measurements of the roadway in accident reconstructions.

A jury was selected, and during the State's case-in-chief, the prosecutor stated defense counsel refused to sign the discovery log. The prosecutor stated he wanted to offer the unsigned log into evidence "for appellate purposes only." Defense counsel argued he refused to sign the log because it did not accurately specify which Leica scan machine had produced the diagram of the crime scene he had received from the State. Defense counsel emphasized it was unclear whether the Leica scan machine listed on the discovery log was the same machine the State disclosed the week before trial. The prosecutor stated the machines were not the same, and the discovery log indexed all evidence shared through e-discovery. He further stated due to defense counsel's refusal to sign the log, the State may decide to revoke defense counsel's e-discovery privileges in the future. Defense counsel told the trial court he took the prosecutor's statement as a threat. The trial court told defense counsel if e-discovery privileges were revoked, discovery would continue the "old-fashioned way." After a short recess, Kearns re-urged his request for a continuance, or in the alternative, a mistrial, arguing he was not prepared to continue with trial due to the State's late disclosures. The trial court denied the requests.

Trial continued, and on the fifth day, a juror informed the trial court she had tested positive for Covid-19. Kearns moved for a mistrial, arguing due to the novel situation surrounding Covid-19, many Texas trial courts were declaring mistrials when a juror tested positive. The trial court then declared a mistrial. Six months later, the case proceeded to a second trial, and Kearns filed a pretrial habeas application arguing double jeopardy barred the retrial of his case. The trial court denied Kearns's pretrial application as frivolous, and Kearns filed this appeal along with a motion requesting to stay the trial court's proceedings until his appeal was resolved. We granted Kearns's request in part and stayed the case from proceeding to a trial on the merits.

ANALYSIS

### Standard of Review

We review a trial court's decision to grant or deny relief requested in a habeas application based on double jeopardy for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Martinez*, 560 S.W.3d 681, 695 (Tex. App.—San Antonio 2018, pet. ref'd). Under this standard, we "review the record evidence in the light most favorable to the trial court's ruling," and we afford great deference to the trial court's findings and conclusions, especially if they involve credibility and demeanor determinations. *Martinez*, 560 S.W.3d at 695 (quoting *Kniatt*, 206 S.W.3d at 664) (internal quotation marks omitted). To reverse a trial court's ruling on a pretrial habeas application, we must determine the ruling was outside the zone of reasonable disagreement. *Id*. In our review, we may consider "the evidence adduced at the habeas hearing and the record as it existed before the habeas court at the time of the hearing." *Id*.

### Applicable Law

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (internal footnote omitted); *see Ex parte Lewis*, 219 S.W.3d 335, 340 (Tex. Crim. App. 2007). It "affords a criminal defendant a 'valued right to have his trial completed by a particular tribunal.'" *Kennedy*, 456 U.S. at 671–72 (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)). However, a criminal defendant is not guaranteed the State's case will be resolved in one proceeding. *See id*. at 672.

"Where the trial is terminated over the objection of the defendant, the classical test for lifting the double jeopardy bar to a second trial is the 'manifest necessity' standard," with a hung jury remaining the prototypical example of a situation meeting this standard. *Id*. (quoting *United States v. Perez*, 9 Wheat. 579, 580, 6 L.Ed. 165 (1824)). But, when, as here, "a mistrial [is]

declared at the behest of the defendant, quite different principles come into play." *Id.* "A defendant's motion for a mistrial constitutes a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." *Id.* at 676 (quoting *United States v. Scott*, 437 U.S. 82, 93 (1978)) (internal quotation marks omitted). When the trial court grants a defendant's mistrial motion, a defendant may invoke the double jeopardy bar only when "the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Id.* at 679. "Prosecutorial conduct that might be viewed as harassment or overreaching . . . does not bar retrial absent intent on part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Id.* at 675. It is "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial." *Id.*; *Martinez*, 560 S.W.3d at 697 ("Thus, in Texas, when a defendant moves for a mistrial and subsequently claims retrial is barred by double jeopardy, the habeas court, and all subsequent reviewing courts, must determine whether: (1) the prosecutor engaged in conduct to goad or provoke the defense into requesting a mistrial; or (2) the prosecutor deliberately engaged in the conduct at issue with the intent to avoid an acquittal.").

In the context of habeas, the burden is on the applicant to prove his double jeopardy allegation by a preponderance of the evidence. *Martinez*, 560 S.W.3d at 695. If the applicant has met this burden, it then becomes the State's burden to introduce evidence of the applicant's consent to the order terminating her first trial. *See Ex parte Garrels*, 559 S.W.3d 517, 524 (Tex. Crim. App. 2018).

### *Application*

Kearns contends the trial court erred in denying his pretrial habeas application by "constructively holding that there was manifest necessity in granting a mistrial due to a juror becoming sick with Covid-19." In other words, the trial court improperly determined the juror

testing positive for Covid-19 during the first trial constituted "manifest necessity," and therefore double jeopardy did not bar a second trial. However, a review of the record shows the trial court did not deny Kearns's application based on the "manifest necessity" standard, which only applies in cases "[w]here the trial is terminated over the objection of the defendant." *Kennedy*, 456 U.S. at 672. Instead, the trial court denied Kearns's pretrial application as frivolous because it found "the State did not commit prosecutorial misconduct, goad the defense into requesting a mistrial, or 'sabotage' the trial requiring the defense to request a mistrial at any point in the trial."

Kearns further contends the trial court erred in denying his pretrial habeas application because the State engaged in prosecutorial misconduct, goading him into requesting a mistrial and invoking the double jeopardy bar. According to Kearns, the State intentionally disclosed information regarding a Leica scan machine a week before trial, which prejudiced him because it prevented his expert from reviewing the materials or inspecting the disclosed machine. Kearns argues due to the discovery violation, he was somehow forced to move for a mistrial when a juror became ill with Covid-19.

Here, the record shows the information regarding the Leica scan machine that was disclosed a week before trial did not pertain to the Leica scan machine that had created the diagram of the crime scene previously shared during discovery. The prosecutor recognized the disclosure caused confusion but stated the disclosure "doesn't have anything to do with this case . . . it was not the Leica that was used in this case." The record further shows the trial court asked Kearns how he wanted to proceed after it was disclosed one of the jurors had contracted Covid-19. Kearns responded by moving for a mistrial, explaining due to the novel situation surrounding Covid-19, many Texas trial courts were declaring mistrials when a juror tested positive. Kearns did not mention any of the previously contested discovery matters, and the trial court did not state it was granting the motion based on those contested matters. The trial court then granted the mistrial

over the State's opposition. When viewing this evidence in the light most favorable to the trial court's ruling on Kearns's pretrial habeas application, we conclude the trial court could have concluded the prosecutor did not engage in intentional misconduct or try to goad the defense into requesting a mistrial. *See id.* Accordingly, we hold the trial court did not abuse its discretion in denying Kearns's pretrial application for writ of habeas corpus. *See Kniatt*, 206 S.W.3d at 664; *Ex parte Martinez*, 560 S.W.3d at 695.

## CONCLUSION

We affirm the trial court's order denying Kearns's pretrial habeas application. Having resolved this appeal, we lift the stay previously imposed in this case.

Luz Elena D. Chapa, Justice

Do Not Publish