JUSTICE LEAPHART,
specially concurring.
I concur with the Court’s opinion. I write separately to elaborate on what I see as the proper application of the new standard with regard to reviewing motions for mistrial. Recently, in State v. Ford (1996), [278 Mont. 353], 926 P.2d 245, we straightened out some twenty years of confusion as to the proper standard for reviewing district court rulings on motions for a mistrial. In Ford, relying on *79 United States v. Perez (1824), 22 U.S. (9 Wheat) 579, 580, 6 L.Ed. 165, we held that a motion for a mistrial should be granted when there is either a demonstration of manifest necessity or where the defendant has been denied a fair and impartial trial. I agree entirely with that statement. However, since Perez is the source of the standard, it is essential to put the manifest necessity component of that standard in context of the Perez decision.
In Perez, the Court stated:
the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated.
Perez, 22 U.S. at 580 (emphasis added).
It is important to recognize three aspects of the Perez decision: (1) It involved a double jeopardy analysis; (2) the mistrial was declared by the court, not requested by the defendant; and (3) the mistrial was declared due to a hung jury, i.e., it was not the result of fault of either party or the court.
In the years since Perez, the United States Supreme Court has restricted the manifest necessity portion of the Perez standard to situations in which the court declares a mistrial without the consent of the defendant. In United States v. Dinitz (1976), 424 U.S. 600, 606-07, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267, 273 (relied on by this Court in Keating v. Sherlock (1996), [278 Mont. 218], 924 P.2d 1297), the Court held the following:
this Court has held that the question whether under the Double Jeopardy Clause there can be a new trial after a mistrial has been declared without the defendant’s request or consent depends on whether “there is a manifest necessity for the (mistrial), or the ends of public justice would otherwise be defeated.” [Citations omitted.] Different considerations obtain, however, when the mistrial has been declared at the defendants request. [Citation omitted; emphasis added.]
The Court has applied a different standard when the mistrial is at the behest of the defendant. In Oregon v. Kennedy (1981), 456 U.S. 667, 672, 102 S.Ct. 2083, 2087-88, 72 L.Ed.2d 416, 422, the Court held the following:
Where the trial is terminated over the objection of the defendant, the classical test for lifting the double jeopardy bar to a second trial is the “manifest necessity” standard first enunciated in Justice *80 Story’s opinion for the Court in United States v. Perez [citation omitted], Perez dealt with the most common form of “manifest necessity’: a mistrial declared by the judge following the jury’s declaration that it was unable to reach a verdict. While other situations have been recognized by our cases as meeting the “manifest necessity’ standard, the hung jury remains the prototypical example. [Citations omitted.] The “manifest necessity’ standard provides sufficient protection to the defendant’s interests in having his case finally decided by the jury first selected while at the same time maintaining “the public’s interest in fair trials designed to end in just judgments.” [Citation omitted.]
But in the case of a mistrial declared at the behest of the defendant, quite different principles come into play. Here the defendant himself has elected to terminate the proceedings against him, and the “manifest necessity’ standard has no place in the application of the Double Jeopardy Clause. [Citing Dinitz; emphasis added.]
The Court in Dinitz had set out the rule to be applied when a defendant requests the mistrial:
[Where] circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution.
Dinitz, 424 U.S. at 607, 96 S.Ct. at 1079 (quoting United States v. Jorn (1971), 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543, 556).
In Kennedy the Court elaborated on the exception to the rule that a defendant’s motion for mistrial ordinarily does not bar retrial.
The exception arises when the prosecutor’s actions giving rise to the defendant’s mistrial motion were done “in order to goad the [defendant] into requesting a mistrial.” Kennedy, 456 U.S. at 673, 102 S.Ct. at 2088 (citing Dinitz).
Although it is appropriate for a court to declare a mistrial when there is manifest necessity (hung jury, sick juror, etc.), it would not be appropriate to hold a defense motion for a mistrial to a “manifest necessity” standard. The manifest necessity portion of the Perez standard has no application to defense motions for mistrial. Independently of manifest necessity, a defense motion should be granted where the ends of public justice so require or where the defendant will be denied a fair and impartial trial. It would be error to deny a defense motion for mistrial for failure to satisfy the higher manifest necessity standard.
*81 Although we have adopted a standard which sets forth two disjunctive components (manifest necessity or denial of fair and impartial trial), it should be recognized that a district court cannot randomly pick which alternative to apply to a particular case. The choice of the appropriate standard will hinge upon whether the defense requests the mistrial or whether the court, sua sponte, declares the mistrial. The manifest necessity standard will only have application in situations where the court, due to a hung jury or a sick juror, for example, declares a mistrial.
In situations such as the present case, where defendant Romero moved for a mistrial, the appropriate inquiry is not whether manifest necessity existed, but rather whether the circumstances alleged as the basis for the mistrial would deny Romero a fair and impartial trial.
JUSTICES NELSON, GRAY and ERDMANN join in the foregoing special concurrence.