**The PEOPLE of the State of Colorado, Plaintiff Appellee,**

v.

**Chad BARTON, Defendant Appellant.**

No. 01CA0215.

Colorado Court of Appeals, Div. I.

May 8, 2002.

Rehearing Denied Aug. 1, 2002.

Certiorari Denied Nov. 18, 2002.

**1076**

Ken Salazar, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

P. Arthur Tague, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Chad Barton, appeals the judgment entered on a jury verdict finding him guilty of second degree kidnapping. He specifically challenges the trial court's order denying his motion for judgment of acquittal. We affirm.

Defendant was charged with robbery, first degree aggravated motor vehicle theft, and second degree kidnapping. The robbery charge was dismissed, and a jury found defendant guilty of second degree aggravated motor vehicle theft. However, the jury was unable to agree on the kidnapping charge, and, without objection by either party, the trial court declared a mistrial. Defendant was retried on that charge, and the jury found him guilty. This appeal followed.

Defendant contends the trial court erred by ruling that § 16–10–108, C.R.S. 2001, as applied to him, did not unconstitutionally deny him due process of law as guaranteed by the Fifth and Fourteenth Amendments. We disagree.

Section 16–10–108 provides in pertinent part: "The verdict of the jury shall be unanimous."

Defendant relies on *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970), which held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Then, relying on *Dickerson v. United States*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), which held that a judicially recognized due process requirement may not be vitiated by a legislative act, he argues that applying § 16–10–108 to require a unanimous not guilty verdict deprives him of his right to due process. He asserts that the correct application of § 16–10–108 should have resulted in an acquittal after the jury in his first trial was unable to agree unanimously that he was guilty of the kidnapping charge. We reject this argument.

It is true that due process requires a finding of guilt beyond a reasonable doubt before a defendant can be convicted of a crime. *In re Winship, supra.* However, the Constitution does not guarantee a defendant a unanimous verdict of either guilty or not guilty. Indeed, the Supreme Court has upheld, on due process grounds, a statutory scheme that authorized the defendant's conviction of a crime on the vote of only nine of the twelve jurors, expressly noting: "[T]his Court has never held jury unanimity to be a requisite of due process of law." *Johnson v. Louisiana*, 406 U.S. 356, 359, 92 S.Ct. 1620, 1623, 32 L.Ed.2d 152, 157 (1972). Therefore, defendant's due process argument must fail.

*See also Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

We note that, if defendant were entitled to a judgment of acquittal after the jury deadlock in the first trial, it would follow that the second trial would be barred by double jeopardy.

However, in *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 579–80, 6 L.Ed. 165, 165 (1824), Justice Story, writing for a unanimous Court, explained that a second trial is not barred:

> The question, therefore, arises, whether the discharge of the jury by the Court from giving any verdict upon the indictment, with which they were charged, without the consent of the prisoner, is a bar to any future trial for the same offence. If it be, then he is entitled to be discharged from custody; if not, then he ought to be held in imprisonment until such trial can be had. We are of opinion, that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defence. We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated.

This interpretation has been followed consistently by both state and federal courts. *See, e.g., Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *see generally* John E. Theuman, Annotation, *Former Jeopardy as Bar to Retrial of Criminal Defendant After Original Trial Court's Sua Sponte Declaration of a Mistrial—State Cases,* 40 A.L.R.4th 741 (1985).

Thus, neither defendant's due process rights nor the prohibition against double jeopardy was violated in this case.

The judgment and order are affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.