[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2011
JOHN LEY
CLERK

_____

No. 10-13289
Non-Argument Calendar

_____

D. C. Docket No. 1:04-cv-03467-WSD

DAVID REEDMAN,

Petitioner - Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT
OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2011)

Before CARNES, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

David Reedman, a Georgia state prisoner proceeding pro se, appeals the

denial of his federal habeas petition under 28 U.S.C. § 2254. The district court granted Reedman a certificate of appealability on one issue:

> [W]hether the application of <u>Renico v. Lett</u>, No. 09-338, 130 S. Ct. 1855 (May 3, 2010), to the facts of Petitioner's case requires a finding that the Georgia Appellate Court, in evaluating the trial judge's decision to declare a mistrial, did not unreasonably apply clearly established federal law as determined by the Supreme Court and that, accordingly, habeas corpus relief is not available to Petitioner on the ground that his right to be free from double jeopardy was violated.

This Court denied Reedman's motion to expand the COA. Our "review is limited to the issues specified in the COA." <u>Murray v. United States</u>, 145 F.3d 1249, 1251 (11th Cir. 1998).

Reedman contends that the state trial court erred by declaring a mistrial on one count at his first trial. During deliberations the jury asked the trial court to delay the lunch break because it was close to reaching a verdict. The trial court granted that request but later released the jury for lunch when a verdict had not yet been reached. After returning from lunch, the jury continued deliberations for almost an hour and then sent to the court a note asking what it should do if it could agree on only two of the three counts charged. The court declared a mistrial on the one count on which the jury was deadlocked and entered judgment on the jury's guilty verdict on the other two counts. Reedman was later tried before a new jury and convicted of the one count on which the original jury could not agree.

2

Reedman argues that the jury's note was "ambiguous" and that the trial court should have asked the jury about the meaning of it. He contends that his rights under the Double Jeopardy Clause were violated.

"We review de novo the district court's denial of habeas relief under 28 U.S.C. § 2254." Gamble v. Sec'y, Fla. Dep't of Corr., 450 F.3d 1245, 1247 (11th Cir. 2006). In 1996 AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693, 122 S.Ct. 1843, 1849 (2002). When a state court has already adjudicated a claim on the merits, a federal court may grant a writ of habeas corpus only if the decision of the state court (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1), (2).

"A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." Allen v. Secretary,

Florida Dept. of Corrections, 611 F.3d 740, 745 (11th Cir. 2010) (quotation marks omitted). "A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. (quotation marks omitted). A state court's factual determinations are presumed correct unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

In United States v. Perez, 22 U.S. (9 Wheat) 579 (1824), the Supreme Court held that when a trial court discharges a jury because the jury cannot reach a verdict, the Double Jeopardy Clause does not bar a new trial for the defendant before a new jury. 22 U.S. at 579–80. Trial courts may declare a mistrial "whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity" for doing so. Id. at 580. "The trial judge's decision to declare a mistrial when he considers the jury deadlocked is . . . accorded great deference by a reviewing court." Arizona v. Washington, 434 U.S. 497, 510, 98 S.Ct. 824, 832(1978).

The Supreme Court has refused to apply a "rigid formula" when reviewing a trial court's decision about whether a jury deadlock warrants a mistrial. Wade v. Hunter, 336 U.S. 684, 690-91, 69 S.Ct. 834 (1949) (explaining that the guiding principles of the Perez decision "command courts in considering whether a trial

4

should be terminated without judgment to take all circumstances into account and thereby forbid the mechanical application of an abstract formula") (quotation marks omitted).  More recently the Court explained:

> We have also explicitly held that a trial judge declaring a mistrial is not required to make explicit findings of manifest necessity nor to articulate on the record all the factors which informed the deliberate exercise of his discretion.  And we have never required a trial judge, before declaring a mistrial based on jury deadlock, to force the jury to deliberate for a minimum period of time, to question the jurors individually, to consult with (or obtain the consent of) either the prosecutor or defense counsel, to issue a supplemental jury instruction, or to consider any other means of breaking the impasse.

Renico v. Lett, 559 U.S. __, 130 S.Ct. 1855, 1863–64 (2010) (citation and quotation marks omitted).

Reedman basically concedes that Renico resolves the matter, and his brief to this Court merely rants about the judicial system and judges.  As judges, however, we apply the law.  And the Supreme Court has clearly established that when a judge discharges a jury on the grounds that the jury cannot reach a verdict, the Double Jeopardy Clause does not bar a new trial.  Further, the trial court is accorded great deference and there is no "rigid formula" that it must follow when deciding whether a jury deadlock warrants a mistrial.  The state trial court was not required to ask questions about the jury's note, force the jury to deliberate longer, consult with the parties, or issue an additional jury charge before declaring a

5

mistrial based on jury deadlock. See Renico, 559 U.S. __, 130 S.Ct. at 1864.

There was a reasonable basis for the trial court to conclude that the jury could not

reach a verdict on one of the three counts and that further deliberations on that

count would be useless. The state appellate court's decision, holding that there

was no double jeopardy error, was neither contrary to nor an unreasonable

application of clearly established federal law as determined by the Supreme Court.

**AFFIRMED.**